UNITED STATES of America,
Appellee,

v.

Jacob EISENBERG, Hyman Eisenberg and Dante V. Coppola, Defendants-Appellants.

No. 29, Docket 23947.

United States Court of Appeals
Second Circuit.

Argued Oct. 10, 1956.

Decided Nov. 13, 1956.

Morris K. Siegel, Brooklyn, N. Y., for appellants, Vincent J. Crowe, Brooklyn, N. Y., of counsel.

Leonard P. Moore, U. S. Atty., Cornelius W. Wickersham, Jr., Chief Asst. U. S. Atty., and Morton Schlossberg, Asst. U. S. Atty., Brooklyn, N. Y., for appellee.

Before CLARK, Chief Judge, and HAND and SWAN, Circuit Judges.

PER CURIAM.

Jacob and Hyman Eisenberg owned and operated a television and radio store in Brooklyn, New York. On October 14, 1953 F.B.I. agents found and seized on the store premises radio tubes having a stipulated value of more than $700. The indictment charged that these tubes were stolen from a motor truck belonging to Hall's Motor Transport Co. moving in interstate commerce, and that the three defendants were in possession of the tubes knowing the same to have been stolen.

■■■ The main contention of the appellants is that the government failed to prove that the seized tubes were part of the interstate shipment described in the indictment. The contention is fallacious. The statute, 18 U.S.C.A. § 659, provides:

"To establish the interstate or foreign commerce character of any shipment in any prosecution under this section the waybill or other shipping document of such shipment shall be prima facie evidence of the place from which and to which such shipment was made."

Exhibit 2, the bill of lading issued by Hall's Motor Transport Co., was properly admitted as a record made in the regular course of business. 28 U.S.C.A. § 1732; West Coast Fast Freight v. United States, 9 Cir., 205 F.2d 249, 251; United States v. Kessler, D.C.Pa., 63 F.Supp. 964, 967. The bill of lading was evidence that the goods described therein were loaded into the truck at Emporium, Pa., on January 30, 1953 "consigned" to Sylvania Electric Products, Inc., in New York, N. Y. Exhibit 3 was identified as the waybill of the truck which was "hijacked" in New York on February 3. Comparison of the two exhibits shows clearly that they are for the same shipment. Hence the jury could properly find that the shipment loaded at Emporium arrived in New York where the truck was hijacked and its contents stolen. It remained to prove that among the tubes loaded at Emporium were the tubes later found in the Eisenbergs' store. The latter were tubes of designated types, for example, 6CD6G. Exhibit 4 was an inventory and transfer sheet from Sylvania's business files which recorded a shipment consigned to itself in New York of specific quantities of designated types, such as 3,000 6CD6G tubes. Mosher's testimony showed that no tubes of this description (all of which were made in Altoona and sent to Emporium to be finished) had left Emporium after October 7, 1952 in unlabelled cartons consigned to Sylvania in New York except the January 30, 1953 shipment; and that such tubes could not have been ready to ship before October 7th. Thus it was proved prima facie that the tubes arrived in New York on February 3rd and were part of the stolen contents of the rifled truck. The only possible hiatus would be that the tubes seized in the defendants' premises, although admitted by them to F. B. I. agents to be stolen, might not have come from that truck. That possibility is foreclosed because all of the seized tubes carried marks showing them to have been made in Altoona in October 1952; and they must have been delivered to Sylvania at Emporium because all such tubes made at Altoona were sent there.

■■■ The issue as to Coppola's possession was accurately left to the jury in the court's charge. United States v. Cordo, 2 Cir., 186 F.2d 144, certiorari denied Minkoff v. United States, 340 U.S. 952, 71 S.Ct. 572, 95 L.Ed. 686. The evidence amply supported the jury's verdict against him.

■ The claim of a fatal variance between the indictment and the proof because the truck in which the goods were loaded at Emporium may not have belonged to Halls' Motor Transport Co. is frivolous. The name of the owner of the truck is not an essential element of the offense; nor could the mistake in name have prejudiced the defendants in their defense under the circumstances shown. The point is mentioned merely to show we have not overlooked it.

The sentences are affirmed.