**Jonnie C. DOSS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 17946.

United States Court of Appeals
Eighth Circuit.

Feb. 8, 1966.

Stephen M. Boyd, St. Louis, Mo., made argument for appellant.

Harold F. Fullwood, Asst. U. S. Atty., St. Louis, Mo., made argument for appellee. Richard D. FitzGibbon, Jr., U. S. Atty., and Donald L. Schmidt, Asst. U. S. Atty., St. Louis, Mo., filed brief.

Before MATTHES, RIDGE and GIBSON, Circuit Judges.

RIDGE, Circuit Judge.

This is an appeal from appellant's conviction under an indictment charging a violation of 18 U.S.C.A., § 659 (possession of goods stolen from interstate commerce, knowing the same to be stolen). The goods here (black raincoats) were determined by the jury to be of a value in excess of $100.00.

Appellant was arrested on a public street in St. Louis, Missouri. When first observed by the arresting officer, defendant was carrying a black bag of clothing which was contained in transparent plastic bags. When defendant looked toward the police car in which the arresting officer was seated, he immediately ran away. The arresting officer then gave chase and after running thirty or forty feet he observed a bag of clothing which the defendant had been carrying lying in the gutter. The chase continued for approximately fifty feet more before the officer caught up with defendant and was able to arrest him. At that time, the defendant had no black garments in his possession but these were found within fifty feet from the point of arrest.

At defendant's trial on the above charge, the Government offered in evidence seven documents to attest to the interstate character of the raincoats in question, under the provisions of the Federal Business Records Act, 28 U.S.C. § 1732, which states as follows:

"In any court of the United States and in any court established by Act of Congress, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter.

"All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility.

"The term 'business,' as used in this section, includes business, profession, occupation, and calling of every kind."

The seven documents thus introduced in evidence are:

(1) The original bill of lading, prepared by the shipper, U. S. Rubber Co., Washington, Indiana, for shipment of raincoats to U. S. Navy Exchange, 120–100 Building 201, Treasure Island, San Francisco, California.

(2) The invoice, prepared by U. S. Rubber Co., to the above-named U. S. Navy Exchange for 36 MCC440 raincoats shipped from the U. S. Rubber Co., Washington, Indiana, on September 18, 1964. The invoice

and the bill of lading have the same identification number, 19356.

(3) Killion Motor Express Company's bill of lading identifying shipment as two boxes of clothing shipped to U. S. Navy Exchange, San Francisco, California, carrying identification number 19356.

(4) Republic Carloading and Distributing Company's delivery receipt showing arrival of shipment one case short.

(5) Letter from Navy Exchange, U. S. Naval Station, Treasure Island, San Francisco, California, reporting that the shipment of raincoats was one case short. The letter contained the customer's copy of the U. S. Rubber Company's invoice and bill of lading.

(6) The copy of the original order for 36 MCC440 raincoats purchased by the U. S. Navy Exchange.

(7) Killion Motor Express delivery receipt, made up by Killion Motor Express, Inc., on the day the shipment was received, showing "2 BX Clothing RBR" received under date of September 22, 1964.

At the trial below, defendant objected to the admission of the above Government exhibits, asserting that an improper foundation was laid for their admission in evidence under the criteria set forth in the Federal Business Records Act, *ante*, and that this error was prejudicial in that there was no other evidence adduced indicating the interstate shipment of the raincoats in question. Consequently, it is defendant's instant contention, in this appeal, that a requisite element of the crime charged (possession of goods stolen from interstate commerce, knowing them to be stolen) is not supported by competent evidence. Therefore, it is contended, the failure of the trial court to direct a judgment of acquittal was error.

■ It is a well-settled rule of law under the provisions of the Federal Business Records Act that even if business records, such as those herein involved,

are hearsay as to defendant, they are admissible as records made in the regular course of business. Olender v. United States, 237 F.2d 859, 866 (9 Cir., 1956), cert. den. 352 U.S. 982, 77 S.Ct. 382, 1 L.Ed.2d 365; United States v. Eisenberg, 238 F.2d 143 (2 Cir., 1956). To be thus entitled to admission as "business records," the proper foundation must, of course, first be laid. In this connection, a review of the testimony of witnesses, Paul Martin Schalliol, Assistant Sales Manager of the U. S. Rubber Company, and Mary Elizabeth Skouby, an employee of Killion Motor Express, Inc., is necessary.

■ Mr. Schalliol testified in order to lay a foundation for the admission of the Government's Exhibits 1 through 6, *ante*, as purported business records of the U. S. Rubber Company. The record is clear that he is familiar with the preparation of Company records in his capacity as Assistant Sales Manager of that Company. He testified that Exhibits 1 and 2, *ante*, were made by the U. S. Rubber Company, at or near the time they purport to depict upon the records themselves; that these records are maintained for every order that is received at the U. S. Rubber Company; and that he had control of these particular records for the purpose of determining their receipt and subsequent correct billing to customers. It is therefore manifestly clear that there was a proper foundation for the admission of Government's Exhibits 1 and 2. Furthermore, these two exhibits clearly demonstrate that two cartons of raincoats were shipped by U. S. Rubber Company in Indiana, bound for California.

Mary Elizabeth Skouby testified concerning the Killion Motor Express delivery receipt, Government's Exhibit No. 7, *ante*. This exhibit was made up by Killion on the date the shipment was received. This testimony outlines the necessity of this document to the business of Killion Motor Express Company. Defendant points out that there is no direct statement by this witness that the exhibit is kept in the normal course of

666

business. However, nowhere in her testimony does she state that this document is unusual, and we feel the following testimony is clearly indicative of its common usage:

"Q. Is this freight bill kept in the normal course of business there at the Killion Motor Express Company?

"A. This is our delivery receipt.

"Q. And at the Killion Motor Express, Incorporated, are these freight bills made at or near the time that the date depicts on the particular freight bill?

"A. The date that we pick the shipment up is the date that is shown on the freight bill."

■ In light of the foregoing testimony, we feel that the admissibility of this exhibit has been fully established as required by the Federal Business Records Act. This document clearly demonstrates the receipt in Missouri of these raincoats that were shipped from Indiana and bound for California. Viewed together, Government Exhibits 1, 2, and 7 clearly show that the raincoats in the truck of Killion Motor Express were goods in the course of interstate shipment. Consequently, we feel it unnecessary for the just resolution of the case at bar to determine whether or not the trial court erred in admitting Exhibits 3, 4, 5, and 6. We find these exhibits to be cumulative and superfluous in establishing interstate shipment and in no way prejudicial to defendant's rights before the Court.

Witness Skouby testified at length concerning Exhibit 7, the Killion Motor Express delivery receipt. Exhibit 3, found in the U. S. Rubber Company's records, is merely a duplication of the information contained in Exhibit 7. United States v. Kessler, 63 F.Supp. 964 (E.D. Pa., 1945), aff'd 153 F.2d 224 (3 Cir., 1946); United States v. Rappy, 157 F.2d 964 (2 Cir., 1946), cert. den. 329 U.S. 806, 67 S.Ct. 501, 91 L.Ed. 688.

We likewise view Exhibits 4 and 5 as cumulative in light of the direct testimony of witness Mills, the truck driver. These exhibits merely express the fact of shipment and the shortage of one carton. Mills testified that he was short one carton on this particular shipment when he arrived at Republic Carloading and Distributing Company's loading dock in St. Louis, Missouri, on September 22, 1964. We find this testimony sufficient to establish that fact, without the benefit of Exhibits 4 and 5.

■ In addition, it is clear that the order (Government's Exhibit 6) is unnecessary to complete the elements of the crime charged. The fact that the raincoats were ordered by the Naval Exchange, Treasure Island, San Francisco, California, is not an evidentiary fact requisite to defendant's conviction. Rather, it is the shipment of the raincoats in interstate commerce from Indiana to California which is a necessary element of the crime, and this element has been fully established by Exhibits 1, 2, and 7. The cause or reason for the shipment is clearly superfluous in this regard.

In light of the foregoing, we hold that the admission into evidence of Government's Exhibits 3, 4, 5, and 6, if error, was harmless and in no way prejudicial to the defendant. Thomas v. United States, 281 F.2d 132 (8 Cir., 1960), cert. den. 364 U.S. 904, 81 S.Ct. 239, 5 L.Ed.2d 196.

■ Moreover, it is clear that Government's Exhibits 8A through 8Y, the raincoats found in the gutter, *ante,* constitute evidence sufficient to raise for the jury the question, whether the raincoats found in defendant's possession were stolen from Killion. Exhibits 2, 5, and 7 may be viewed as tangible evidence that Killion was transporting two boxes of raincoats belonging to U. S. Rubber Company which were consigned to the United States Naval Exchange, and the balance of the evidence connects defendant to these raincoats. The raincoats found in the *gutter, ante,* were of a particular type stock, numbered MCC440, of the U. S. Rubber Company, and witness

Pacheco, an official from U. S. Rubber Company, verified this by testifying that these raincoats were manufactured by his Company and carried its stock number of MCC440. He further examined the raincoats in evidence and found the type and sizes to be the same as those placed in the original interstate shipment. The jury further had the opportunity to view the coats in plastic bags, with the tags still on them.

Witness Mills testified that he received a shipment of raincoats belonging to the U. S. Rubber Company from Killion's dock which was to be transported to Republic Carloading's dock. Exhibit 7 is probative evidence from which the jury may find that Killion received the two boxes of clothing in interstate commerce for delivery to Republic Carloading's dock. When unloading at Republic at about 2:00 p. m. on September 22, 1964, he found only one box, rather than the two as set out on the delivery receipt. To account for the missing box, he placed his unattended truck at St. Charles and 23rd Streets at approximately 12:00 Noon to 1:00 p. m. on the same day.

Police officers, Schaefer and Fischel, observed the defendant at 1:25 p. m., at 23rd and Delmar, carrying the raincoats, Government Exhibits 8A to 8Y. Their testimony was that upon seeing the police officers defendant ran and threw the coats into the street.

The testimony of Detectives Hamilton and Ubben fixes the place of defendant's arrest between three and five blocks from the point where Mills left his unattended truck.

Defendant's testimony was that he found the raincoats at 23rd and Washington, thought they belonged to a nearby cleaning establishment, but picked them up and took them away.

Thus, from our examination of the record, it is clear that the evidence adduced at defendant's trial puts the raincoats comprising Government Exhibits 8A through 8Y in the same neighborhood as that where the truck carrying the interstate shipment of raincoats was parked unattended by Mills, within the same day and hour. Moreover, the record establishes that these raincoats were the same type and sizes as those stolen from Killion, and that they still had plastic shipping bags and new clothing tags on them when they came into possession of the police, *ante*. This case may be distinguished from Hall v. United States, 182 F.2d 833 (8 Cir., 1950), wherein this Court found that since the cigarettes had no distinguishing characteristics there was no evidence to enable the jury to determine that the cigarettes possessed by the defendant were the same as those missing from an interstate shipment.

It is a well-settled rule of law that commission of a crime may be established by circumstantial evidence. Real v. United States, 326 F.2d 441 (10 Cir., 1963). Thus, although a vital portion of the Government's proof in the case at bar was based on circumstantial evidence, it is our opinion that all of the direct, as well as circumstantial, evidence adduced at defendant's trial is clearly sufficient for the jury to find his guilt beyond any reasonable doubt. Marifian v. United States, 82 F.2d 628 (8 Cir., 1936); United States v. Dolasco, 184 F.2d 746 (3 Cir., 1950).

Affirmed.