**UNITED STATES of America,
Appellee,**

v.

**Edward Lewis ROBINSON, Appellant,
and**

**Roger Lynn Lawhead.**

**No. 19607.**

United States Court of Appeals
Eighth Circuit.

Nov. 28, 1969.

Kenneth K. Simon, Kansas City, Mo., for appellant and filed brief.

Vernon A. Poschel, Asst. U. S. Atty., Kansas City, Mo., for appellee; Calvin K. Hamilton, U. S. Atty., Kansas City, was on the brief with Vernon A. Poschel.

Before MATTHES, BLACKMUN and BRIGHT, Circuit Judges.

MATTHES, Circuit Judge.

Count II of an indictment alleged that appellant and Roger Lynn Lawhead transported a stolen 1966 Cadillac automobile from Houston, Texas, to Kansas City, Missouri, knowing it to be stolen, in violation of 18 U.S.C. § 2312 (Dyer Act). Count III of the same indictment alleged that appellant and Lawhead, "at Kansas City, * * * Missouri, * * * received and concealed and caused to be received and concealed [the same automobile], which was moving as interstate commerce, * * *" in violation of 18 U.S.C. § 2313.[1]

Appellant and Lawhead were tried jointly. At the close of the government's evidence the court granted Lawhead's motion for judgment of acquittal on Count II. The jury acquitted appellant on Count II but found both guilty on Count III. The court sentenced Law-

1. Count I of the indictment alleged that appellant received, concealed, and disposed of a 1966 Chevrolet Station Wagon in violation of 18 U.S.C. § 2313. On mo-
tion of appellant, confessed by the government, the court severed Count I from Counts II and III.

head to imprisonment for one year and appellant for two years. Both filed notices of appeal but Lawhead abandoned his.[2]

We are called upon to decide two questions: (1) Whether a submissible case was made against appellant on Count III, and (2) whether the court committed plain error affecting substantial rights of appellant in giving the jury a supplemental instruction in the nature of the commonly referred to "Allen charge" during the course of the jury's deliberation.

As to the first question, appellant argues that the evidence, circumstantial in nature, was insufficient as a matter of law to support the jury's finding that he received and concealed or caused to be received and concealed the subject automobile. We disagree. A résumé of the evidence will demonstrate that the district court was on sound ground in denying appellant's motion for judgment of acquittal.

The undisputed evidence of the government—none was offered by appellant or Lawhead—established the following facts. A 1966 Cadillac automobile was stolen from its owner on December 1, 1967, in Houston, Texas. A public official of Dallas County, Alabama, pursuant to a telephone request, issued license plates on December 4, 1967, for the stolen automobile to a person who represented himself to be Art Schriver of Route 1, Selma, Alabama.[3] A license plate receipt was issued, and upon request the plates were mailed to Schriver at a Milwaukée, Wisconsin, address. On January 15, 1968, an application for a Missouri title and affidavit of non-use,[4] purportedly executed by Don Wyland, 4143 Warwick, Kansas City, Missouri,

were presented to the Motor Vehicle Registration Department of Missouri. Accompanying the application and affidavit was a bill of sale from Art Schriver to Donald Wyland at the Kansas City address stated above and the Alabama license plate receipt issued to Art Schriver, all describing the particular stolen automobile. The Missouri Department issued a title to Donald Wyland. Appellant was arrested pursuant to a warrant on February 27, 1968, in Kansas City, Missouri, by a special agent of the F.B.I. In the contemporaneous search of appellant the agent recovered four credit cards, a Selective Service classification, a Missouri driver's license, and other documents, all of which had been issued in the name of Donald Wyland. The real Donald Wyland, who resided in St. Louis rather than Kansas City, Missouri, testified at trial that on or about May 31, 1967, the credit cards recovered from appellant had been stolen from him at the Tan-Tara Lodge, Lake of the Ozarks, Missouri, and that he had not executed any of the title documents pertaining to the stolen automobile which were presented to the State of Missouri. An F.B.I. employee, who is a fingerprint examiner, testified that he had examined the documents submitted to the Motor Vehicle Registration Department in the name of Donald Wyland and compared them with the fingerprints taken from appellant at the time he was arrested. The expert identified a fingerprint of appellant on the original of the Alabama license plate receipt, and another fingerprint of appellant on the bill of sale from Schriver to Wyland. The manager of Wil-Ray Auto Auction in Kansas City, Missouri, testified that on February 21, 1968, Lawhead appeared at the

2. Counsel for appellant, who also represented Lawhead, informed us during oral argument that Lawhead has served his sentence.

3. The record reflects that Alabama is a nontitle state. The only requirement for obtaining an Alabama automobile license plate or tag is a description of the au-

tomobile—including identifying manufacturer's numbers—and the name of the individual requesting the license. The applicant need not be a resident of Alabama, and the request can be made by telephone.

4. The affidavit for non-use stated that the appellant would not be licensing the vehicle, but required a title for resale.

witness' place of business in possession of the stolen Cadillac and attempted to sell it to Wil-Ray for several hundred dollars below its reasonable value. Lawhead was in possession of a Missouri title which had been assigned to him, but the title had not been registered by Missouri in his name, and for that reason Wil-Ray would not purchase the automobile. Lawhead resided in an apartment at 4143 Warwick, Kansas City, Missouri, the address given by the person who represented himself to be Donald Wyland.

■ The crux of appellant's position is found in his assertion that "there was not one scintilla of evidence whatsoever placing appellant in any custody and/or possession of the 1966 Cadillac at any time from the date of the alleged theft on December 1, 1967, through the date of his arrest on February 27, 1968." To be sure, the government did not prove this vital element of the offense by direct or testimonial evidence, but such failure was not fatal. The principle is deeply entrenched that an offense may be proved by, and the conviction rest upon, circumstantial evidence. United States v. Pope, 415 F.2d 685 (8th Cir. 1969); Peterson v. United States, 411 F.2d 1074 (8th Cir. 1969); United States v. Kye, 411 F.2d 120 (8th Cir. 1969); DeVore v. United States, 368 F.2d 396, 399 (9th Cir. 1966); Doss v. United States, 355 F.2d 663, 667 (8th Cir. 1966); Sadler v. United States, 303 F.2d 664, 665 (10th Cir. 1962); See Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

■ Being mindful that the verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Teel v. United States, 407 F.2d 604 (8th Cir. 1969), we have no difficulty in concluding that the sum total of the evidence, including all reasonable inferences drawn therefrom, was sufficient to warrant the jury in finding that the appellant was an active participant in and guilty of the offense of which he stands convicted.

The second question remaining for our determination is whether the trial judge committed plain error, within the meaning of Rule 52(b) Fed.R.Crim.P., by giving a supplemental instruction to the jury. The record reveals that the jury received the case on the morning of October 27, 1968. After deliberating approximately one hour before and two hours and fifteen minutes after lunch, the jury returned to the courtroom. Upon appropriate inquiry by the judge the foreman announced that a verdict had been reached on one count as to one defendant, without revealing which count or which defendant. Thereupon the judge extemporaneously delivered a supplemental charge now under attack. Sometime later the jury again returned to the courtroom and the foreman reported that no verdict had been reached. Upon inquiry by the judge, "approximately five jurors raised their hands" indicating further deliberations might be productive. Again, the judge briefly addressed the jury extemporaneously before they retired for further deliberation. Later, the exact time is not disclosed, the verdicts discussed at the outset of this opinion were agreed upon and returned into court.

■ Counsel for appellant—who is able, experienced, and skilled in the defense of criminal cases—failed to object in any manner to the supplemental instruction as required by Rule 51, Fed.R. Crim.P. In this court, however, he urges that the supplemental instruction was prejudicial and coerced the jury into finding appellant guilty on Count III. It is settled law that the plain error rule should be applied with caution, and invoked only to avoid a miscarriage of justice. United States v. Wenner, 417 F.2d 979 (8th Cir. 1969); McNeely v. United States, 353 F.2d 913, 917 (8th Cir. 1965); Gendron v. United States, 295 F.2d 897 (8th Cir. 1961). This is

not the exceptional case. Our conclusion finds support in decisions involving the "Allen charge." *E.g.*, Williamson v. United States, 365 F.2d 12, 16 (5th Cir. 1966); Pugliano v. United States, 348 F.2d 902, 903 (1st Cir.), cert. denied, 382 U.S. 939, 86 S.Ct. 390, 15 L.Ed.2d 349 (1965); Walker v. United States, 342 F.2d 22, 26 (5th Cir.), cert. denied, 382 U.S. 859, 86 S.Ct. 117, 15 L.Ed.2d 97 (1965); Carter v. United States, 333 F. 2d 354, 357 (10th Cir. 1964); United States v. Barnhill, 305 F.2d 164 (6th Cir.), cert. denied, 371 U.S. 865, 83 S.Ct. 126, 9 L.Ed.2d 102 (1962).

Moreover, in the face of timely objections the "Allen charge" has survived an attack in two of our recent cases. United States v. Pope, 415 F.2d 685 (8th Cir. 1969); Hodges v. United States, 408 F. 2d 543 (8th Cir. 1969),[5] although in *Pope* we cautioned the district courts to observe "with care all of the established safeguards in giving the charge so that it does not detract from the responsibility of each member of the jury conscientiously to adhere to his own opinion in arriving at a just verdict."

We have carefully considered what transpired and, being cognizant of the astuteness of appellant's counsel, are constrained to believe that his failure to make timely objection was a strategic move resorted to in the belief that the appellant might obtain complete acquittal by reason of the court's statements.[6] Be that as it may, we are convinced from consideration of the instruction in context that it was not coercive and certainly the giving of it was not plain error requiring us to intercede.

Affirmed.

---

5. We also take note of the denial of certiorari in two cases where the Allen charge was challenged as being prejudicial per se or as constituting a denial of due process. Panaccione v. United States, 396 U.S. 837, 90 S.Ct. 97, 24 L.Ed.2d 88 (October 14, 1969), denying cert. to United States v. Fioravanti, 412 F.2d 407 (3d Cir. 1969); Berne v. Government of Virgin Islands, 396 U.S. 837, 90 S.Ct. 96, 24 L.Ed.2d 87 (October 14, 1969), denying cert. to 412 F.2d 1055 (3d Cir. 1969).

6. The fact that appellant was acquitted on Count II is indicative of the discerning scrutiny of the evidence by members of the jury and that they were not unduly influenced or coerced by reason of the instruction.