542 P.2d 1201

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Raymond OLGUIN, Defendant-Appellant.**

**No. 2051.**

Court of Appeals of New Mexico.
Nov. 12, 1975.

**512**

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Donald Klein, Jr., Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Mark Shoesmith, Asst. Atty. Gen., Sante Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of receiving stolen property in excess of $100 contrary to § 40A–16–11, N.M.S.A.1953 (2d Rep.Vol. 6). The appeal involves (1) a question asked defendant at trial concerning his statement at time of arrest and the prosecutor's argument to the jury; and (2) the trial court's alleged error in not instructing the jury to disregard the owner's hearsay testimony on the valuation of the stolen property. Defendant contends both issues involve plain error.

### Question to Defendant and Prosecutor's Argument

Defendant was charged with receiving two portable electric-powered seed-bag sewing machines and a stock tank water heater stolen from a feed store. He was apprehended in a car with three other persons in possession of the sewing machines. The water heater was found elsewhere. A detective testified that when defendant had been read his rights, he was asked if he wished to make a statement and that defendant replied "he didn't know nothing

about it. He said he just didn't know nothing." Shortly thereafter defendant stated that when the driver of the car picked him up the machines were in the car. At trial, defendant did not deny he had been in possession of the property but testified that he had found it in an abandoned house. On cross-examination he was asked:

"Q Okay, if you found all these goodies out here where you said you did, when the police asked you about it why didn't you tell them so?"

■ Defendant contends this question was an improper comment on his silence at the time of arrest, contrary to *State v. Lara,* 88 N.M. 233, 539 P.2d 623 (Ct.App. 1975) and *United States v. Hale,* 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975). These cases have no application. In both of them the defendants remained silent. Here the defendant did not. Defendant not only stated that he did not know anything, he offered an explanation which tended to deny his possession. At the trial defendant testified he did tell the police he found the property but did not tell them where because they did not ask, refuting any silence on his part at time of arrest. The question was proper cross-examination under Rule of Evidence 611, and was elicited for the purpose of impeaching defendant's credibility by showing prior inconsistent statements. It was, therefore, admissible. *United States v. Hale,* supra, and *State v. Carlton,* 82 N.M. 537, 484 P.2d 757 (Ct.App.1971).

■ The prosecutor's comments in his closing argument were based on the inconsistencies between defendant's pretrial statements and trial testimony, and between defendant's testimony and that of other witnesses. The comments were proper.

*Owner's Hearsay Testimony*

The owner of the stolen seed-bag sewing machines testified he did not know what they were worth but, in his opinion, based upon what he had been told by an Albuquerque man in the sewing machine business, they would cost between $500 and $600 each. This opinion was allowed over objection. *State v. Romero,* 87 N.M. 279, 532 P.2d 208 (Ct.App.1975) holds that an owner's testimony regarding the value of an item stolen is admissible. Defendant contends the admission of this hearsay valuation could have made a difference in the conviction of a felony and a misdemeanor and, therefore, he was prejudiced.

■ Another seed store owner testified that the combined market value of the two stolen sewing machines was $75.00. The market value of the water heater was $60.-00. The jury was instructed on market value. Excluding the evidence complained of, the market value evidence supported a valuation of stolen property in excess of $100 and, therefore, a felony conviction. Consequently, no prejudice can be shown.

Oral argument is unnecessary. There was no plain error. See Rule of Evidence 103(d). The judgment and sentence are affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.