619 P.2d 1259

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Willie DUNCAN, Defendant–Appellant.**

**No. 4684.**

Court of Appeals of New Mexico.

Nov. 13, 1980.

Thomas Joseph Horne, Albuquerque, for defendant–appellant.

Jeff Bingaman, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

## OPINION

HENDLEY, Judge.

Convicted of two counts of forgery contrary to § 30–16–10(A), N.M.S.A.1978, and sentenced as an habitual offender pursuant to § 31–18–5, N.M.S.A.1978, defendant contends the trial court erred in (1) denying his motion to suppress a photo array and (2) denying his motion to dismiss. Issues raised in the docketing statement but not briefed are deemed abandoned. We affirm.

We do not consider defendant's motion to suppress because the pertinent exhibits are not a part of the record on appeal, nor were they designated as a part of the record on appeal. *State v. Romero,* 87 N.M. 279, 532 P.2d 208 (Ct.App.1975); *See,* N.M.R.Crim.App. 208, N.M.S.A.1978.

*Motion to Dismiss*

Defendant's motion to dismiss was based on Article 3 of the Agreement on Detainers, § 31–5–12, N.M.S.A.1978, which states in part:

A. Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he has caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the state parole agency relating to the prisoner.

\* \* \* \* \* \*

D. Any request for final disposition made by a prisoner pursuant to Subarticle A shall operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against the prisoner from the state to whose prosecuting official the request for final disposition is specifically directed.

. . . . .

To understand and resolve the defendant's contentions, it is necessary to review the chronology of events.

*On May 23, 1979,* a detainer was placed on defendant in San Diego County jail by Bernalillo County authorities.

*On August 1, 1979,* defendant pled guilty in San Diego County to felony charges of burglary, forgery, and possession of uncompleted checks. On that same day, defendant and his wife wrote the district attorney in Albuquerque to request final disposition on their charges pending in Bernalillo County.

*On August 6, 1979,* the district attorney in Albuquerque was notified of the August 1, 1979, plea of guilty and was informed that, prior to sentencing, defendant was unavailable for trial in New Mexico.

*On September 5, 1979,* defendant was sentenced on the California charges.

*On September 24, 1979,* the district attorney in Albuquerque placed another request for a detainer with the California Institution for Men.

*On October 23, 1979,* defendant submitted a second request with forms pursuant to the Agreement on Detainers to the Bernalillo County authorities.

*On October 24, 1979,* the New Mexico district attorney was sent an Offer to Deliver Temporary Custody. This was pursuant to defendant's request.

*On November 29, 1979,* defendant was picked up in California and returned to Bernalillo County.

*On February 18, 1980,* defendant was brought to trial in Bernalillo County District Court on the forgery charges.

This issue turns upon the interpretation of "term of imprisonment". Defendant argues that he was imprisoned on August 1 and, thus, properly triggered the provisions of the Agreement at that time. Defendant contends, therefore, that the February 18, 1980, trial took place outside the one hundred eighty day limit.

The State contends that the Agreement was not triggered until September 5, 1979, when the defendant was sentenced in California and, therefore, the February 18, 1980, trial fell within the one hundred eighty day period prescribed by the Agreement. We agree.

The plain language of Article 3(A) states that the detainer will be lodged against a "prisoner". The written request of the prisoner must be accompanied by a certificate of the "appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held" together with other details—time remaining to be served, good time earned, time of parole eligibility and any decisions of the parole agency. This language does not speak of any person other than one who has been sentenced. The words "term of imprisonment" and "term of commitment" could not apply to one who is being held awaiting trial or sentence. Also, the other language of the Agreement following "term of commitment" can only relate to one who has been sentenced.

To hold otherwise would be contrary to the plain wording of the statute. *See, People v. Pratt,* 161 Cal.Rptr. 523, 101 Cal. App.3d 105 (1980); *State v. Ferdinando,* 298 N.C. 737, 260 S.E.2d 423 (1979); *People v. Daily,* 46 Ill.App.3d 195, 4 Ill.Dec. 756, 360 N.E.2d 1131 (1977); *Seymour v. State,* 21 Ariz.App. 12, 515 P.2d 39 (1973). Further, it would be contrary to the policy considerations contained in Article 1 which deal with prisoner treatment and rehabilitation. One being held either pending trial or sentencing is not such a prisoner.

Accordingly, we hold it is the date of sentencing which triggers the Agreement.

Affirmed.

IT IS SO ORDERED.

LOPEZ and WALTERS, JJ., concur.