677 P.2d 620

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Gary Randall HOXSIE,
Defendant-Appellant.**

No. 14998.

Supreme Court of New Mexico.

March 7, 1984.

Paul Bardacke, Atty. Gen., William Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet Clow, Chief Public Defender, Thomas Sullivan, Appellate Defender, William P. Slattery, Asst. Appellate Defender, Santa Fe, Charles B. Sanchez, Raul Sedillo, Belen, for defendant-appellant.

## OPINION

FEDERICI, Chief Justice.

This is an appeal by Gary A. Hoxsie (defendant) from his convictions in Sandoval County District Court of first-degree

murder, armed robbery and conspiracy to commit armed robbery. We affirm.

Defendant argues that prosecutorial misconduct deprived him of a fair trial in the following respects:

1. The prosecutor asked leading questions of the State's witnesses. The practice was so flagrant that it led the court to admonish the prosecutor.

2. The prosecutor continued after objections and admonitions to ask repetitious questions which called for cumulative responses.

3. The prosecutor sought to impeach the defendant and co-defendant by reading from transcripts which had earlier been ruled inadmissible because it could not be said that the transcripts fairly and accurately reflected the witnesses' tape-recorded statements.

4. The prosecutor moved for introduction into evidence an overabundance of demonstrative materials, in particular over sixty photographs of the victim's wounds and the crime scene.

5. The prosecutor commented on the defendant's exercise of his right to confront and cross-examine witnesses against him. The defendant was the last witness to testify for the defense in its case in chief. On cross-examination, the prosecutor inferred that the defendant was tailoring his testimony to be consistent with the evidence already presented.

6. The several types of prosecutorial misconduct stated in Points 1 through 5 constitute cumulative error.

This Court will not consider Points 1, 2 and 3 since they were not raised in defendant's docketing statement and may not be raised for the first time in defendant's briefs. NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 205 (Repl.Pamp. 1983); *State v. Aranda*, 94 N.M. 784, 617 P.2d 173 (Ct.App.1980); *State v. Jacobs*, 91 N.M. 445, 575 P.2d 954 (Ct.App.), *cert. denied*, 91 N.M. 491, 576 P.2d 297 (1978).

As to Point 4, the record shows that the prosecutor moved the admission of, and the trial court admitted, a great deal of demonstrative evidence in the form of slides and photographs. Timely, specific objections were made to the amount of such evidence. The pertinent slides and photographs were, however, not made a part of the record on appeal by defendant. NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 209 (Repl.Pamp.1983); *State v. Duncan*, 95 N.M. 215, 619 P.2d 1259 (Ct.App.1980). This is the defendant's burden which he failed to sustain.

"Photographs are relevant and admissible for the purpose of clarifying and illustrating testimony". *State v. Gilbert*, 100 N.M. 392, 399, 671 P.2d 640, 647 (1983). The fact that photographs are cumulative or repetitious does not, in and of itself, make them inadmissible as long as they are reasonably relevant to the issues of the case. *State v. Hutchinson*, 99 N.M. 616, 661 P.2d 1315 (1983). The admission into evidence of photographs is within the discretion of the trial court. *State v. Stephens*, 93 N.M. 368, 600 P.2d 820 (1979). Defendant has the burden of showing an abuse of that discretion. *State v. Noble*, 90 N.M. 360, 563 P.2d 1153 (1977). Defendant in this case has failed to meet that burden.

As to Point 5, the prosecutor's comment on defendant's right of confrontation was a proper inquiry as to whether defendant's testimony had been tailored to the testimony of other witnesses. *State v. Robinson*, 157 N.J.Super. 118, 384 A.2d 569 (App.Div.), *cert. denied*, 77 N.J. 484, 391 A.2d 498 (1978). The purposes of the right of confrontation were respected. *See State v. James*, 76 N.M. 376, 415 P.2d 350 (1966). The State has a right to inquire into and comment upon the credibility of the defendant as a witness. *See State v. Olguin*, 88 N.M. 511, 542 P.2d 1201 (Ct.App.1975).

With reference to Point 6, cumulative error is not applicable in this case because even if errors occurred, they were not cumulatively prejudicial. *State v. McGuinty*, 97 N.M. 360, 639 P.2d 1214 (Ct.App.1982). Further, the record disclos-

es that the cumulative effect of any errors which may have occurred was slight in comparison with the evidence of guilt that was properly admitted. *See State v. Luna*, 93 N.M. 773, 606 P.2d 183 (1980).

■ The record in this case fails to show that the prosecutor's actions prejudiced the defendant. *See State v. Gomez*, 82 N.M. 333, 481 P.2d 412 (Ct.App.1971). An assertion of prejudice is not a showing of prejudice. *See State v. Gilbert*, 100 N.M. 392, 671 P.2d 640 (1983). In the absence of prejudice, there is no reversible error. *State v. Ranne*, 80 N.M. 188, 453 P.2d 209 (Ct.App.1969).

■ On the general issue of prosecutorial misconduct, we note the rule that even though substantial evidence may exist to support the verdict, prosecutorial misconduct cannot be deemed harmless unless the evidence is "so overwhelming that there is no reasonable probability that the misconduct contributed to the conviction."

*State v. Day*, 91 N.M. 570, 573–74, 577 P.2d 878, 881–82 (Ct.App.), *cert. denied*, 91 N.M. 491, 576 P.2d 297 (1978); *Cf. State v. Bartlett*, 96 N.M. 415, 631 P.2d. 321 (Ct.App. 1981). In this case the record clearly shows that the evidence of guilt is so overwhelming that there is no reasonable probability that any misconduct which may have occurred contributed to the convictions. Under these circumstances any prosecutorial misconduct is harmless error.

The judgment and sentence of the trial court is affirmed.

IT IS SO ORDERED.

RIORDAN and WALTERS, JJ., concur.