728 P.2d 833

**STATE of New Mexico, Petitioner,**

v.

**Melvin Ray SUMMERALL, a/k/a Melvin Ray Sears, Respondent.**

No. 16388.

Supreme Court of New Mexico.

Oct. 30, 1986.

Paul Bardacke, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for petitioner.

William A. L'Esperance, Albuquerque, for respondent.

## OPINION

RIORDAN, Chief Justice.

Defendant was convicted of residential burglary and conspiracy to commit residential burglary. He appealed his conviction, and the Court of Appeals reversed and remanded for a new trial. The State petitioned this Court for certiorari. We reverse the Court of Appeals and reinstate defendant's conviction.

The facts surrounding defendant's arrest and conviction are adequately set out in the Court of Appeals' opinion. At trial, a co-defendant by the name of Michael Barela (Barela) was granted immunity in exchange for his testimony against defendant. This grant of immunity, however, contained a grant of immunity from prosecution for perjury committed while Barela testified in defendant's trial. The Court of Appeals correctly concluded that such a grant of immunity is contrary to New Mexico law. *See* NMSA 1978, Evid.R. 412 (Repl.Pamp. 1983); NMSA 1978, § 31–6–15 (Repl.Pamp. 1984). The Court of Appeals stated that: "[t]he trial court cannot give a witness permission to perjure himself by an immunity order under [NMSA 1978,] Crim.P. Rule 58 (Repl.Pamp.1985), Evid. Rule 412, and Section 31–6–15." *State v. Summerall,* 25 SBB 556, 558, 728 P.2d 835, 838 (Ct.App.1986). On the basis of the defective grant of immunity, the Court of Appeals held that the trial court had committed plain error and therefore reversed defendant's conviction. It is with this portion of the Court of Appeals' opinion that we disagree.

For plain error to exist, " 'grave errors which seriously affect substantial rights of the accused,' 'errors that result in a clear miscarriage of justice,' [and] errors that 'are obvious or * * * otherwise seriously affect the fairness, integrity, or pub-

lic reputation of judicial proceedings,'" must be committed. *State v. Marquez,* 87 N.M. 57, 61, 529 P.2d 283, 287 (Ct.App.), *cert. denied,* 87 N.M. 47, 529 P.2d 273 (1974), (quoting *United States v. Campbell,* 419 F.2d 1144, 1145 (5th Cir.1969)). A defendant must show prejudice before a claim of plain error can stand. *See State v. Olguin,* 88 N.M. 511, 513, 542 P.2d 1201, 1203 (Ct.App.1975).

■ In the instant case, Barela testified under the defective grant of immunity. Contrary to the implication in the opinion of the Court of Appeals that defendant's conviction [was] based on such testimony, Barela's testimony was completely exculpatory of defendant. He testified that defendant was not involved in the burglary. Defendant claimed on appeal that the mere fact that Barela testified under a defective grant of immunity was grounds for plain error and the Court of Appeals agreed. However, as stated previously, a defendant must show prejudice before a claim of plain error can stand. *Id.* We determine that defendant failed to show any prejudice resulting from Barela's exculpatory testimony given under the defective grant of immunity. Nor were any of defendant's substantial rights affected by Barela's testimony. *See State v. Marquez,* 87 N.M. at 60, 529 P.2d at 286.

We reverse the Court of Appeals and hold that, despite the defective grant of immunity given to Barela, his subsequent testimony under that grant of immunity was not prejudicial to defendant. Therefore, no plain error occurred, and defendant's conviction is hereby reinstated.

■ We also take this opportunity to point out that Section 31–6–15 applies only to immunity for testimony before grand juries and not to immunity for testimony at trial. The Court of Appeals stated that "[t]aken together, Crim.P. Rule 58, Evid. Rule 412, and Section 31–6–15 (formerly NMSA 1978, Section 31–3A–1 (Cum.Supp. 1981)), give the trial court the authority to grant use immunity * * *." *State v. Summerall,* 25 SBB at 558, (citing *State v. Sanchez,* 98 N.M. 428, 649 P.2d 496 (Ct. App.), *cert. denied,* 98 N.M. 478, 649 P.2d 1391 (1982)). However, in *State v. Romero,* 96 N.M. 795, 635 P.2d 998 (Ct.App.1981) (certiorari not applied for), the defendants asserted that Section 31–3A–1 (presently compiled as 31–6–15) did not authorize the grant of use immunity except for grand juries. The Court of Appeals stated:

Laws 1979, ch. 337 contains thirteen sections; twelve of those sections refer to proceedings before the grand jury. The one section that does not refer to grand jury proceeding is § 10, on use immunity, compiled as § 31–3A–1.

*State v. Romero,* 96 N.M. at 796, 635 P.2d at 999. The title of 1979 N.M.Laws, ch. 337 is "Relating to Grand Juries; Providing Safeguards and Improving Procedures." Section 31–3A–1 was compiled erroneously independently of the sections on grand juries. But in 1982, it was recompiled as Section 31–6–15 and included under the title of grand juries. *Compare* NMSA 1978, § 31–3A–1 (Cum.Supp.1981) *with* NMSA 1978, § 31–6–15 (Cum.Supp.1982). Read in light of the title requirements of N.M. Const. art. IV, Section 16, Section 31–6–15 must apply only to grand juries. This does not overrule *State v. Sanchez,* or *State v. McGee,* 95 N.M. 317, 621 P.2d 1129 (Ct.App.1980), *cert. denied,* 95 N.M. 426, 622 P.2d 1046 (1981). When *Sanchez* and *McGee* were decided, Section 31–6–15 was compiled as Section 31–3A–1 and not included under the title of grand juries. From the placement of the statute at the time these cases were decided, it could not be inferred that the statute applied only to grand juries. With the recompilation, the statute clearly does now.

IT IS SO ORDERED.

FEDERICI and WALTERS, JJ., concur.

STOWERS, J., specially concurs.

SOSA, Senior Justice dissents and adopts the Court of Appeals opinion as his dissent.

STOWERS, Justice, specially concurring.

I concur with the result reached by this Court, but write separately to emphasize

that we do not condone defective grants of immunity. In *State v. Boeglin*, 100 N.M. 470, 471, 672 P.2d 643, 644 (1983), this Court held that implicit in every grant of immunity in return for testimony is the condition that the witness testify truthfully or be subject to prosecution for perjury or contempt. The Legislature clearly intended to impose that condition when it enacted NMSA 1978, Section 31–6–15 (Repl.Pamp. 1984), just as this Court intended when it promulgated NMSA 1978, Evid. Rule 412 (Repl.Pamp.1983). The district court's authority under NMSA 1978, Crim.P. Rule 58 (Repl.Pamp.1985) is limited to the issuance of orders of immunity that properly embody this principle, and defective grants of immunity should not be permitted or approved.

The plain error rule, however, should be applied with caution and invoked only to avoid a miscarriage of justice. *State v. Marquez*, 87 N.M. 57, 61, 529 P.2d 283, 287 (Ct.App.), *cert. denied*, 87 N.M. 47, 529 P.2d 273 (1974) (quoting *United States v. Robinson*, 419 F.2d 1109, 1111 (8th Cir. 1969). The Court of Appeals here held that it was plain error to give Barela "a license to lie" and a miscarriage of justice to allow a conviction "possibly based on court-authorized perjury" to stand. *State v. Summerall*, 25 SBB 556, 560 (Ct.App. 1986). A review of the record indicates that Barela's testimony was exculpatory of defendant. This Court concluded Barela's testimony could not possibly have formed the basis for defendant's conviction, which was supported by the other evidence in the record.

I agree with the majority of the Court that, under the extraordinary circumstances of this case, although the order of immunity was erroneous the testimony presented under the defective grant of immunity in no way contributed to a miscarriage of justice. The plain error rule therefore should not be invoked here, and I concur in the Court's decision to reverse the Court of Appeals decision and to affirm defendant's conviction.