835 P.2d 862

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Freddie ALLEN, Defendant–Appellant.**

**No. 13819.**

Court of Appeals of New Mexico.

May 29, 1992.

Certiorari Denied June 30, 1992.

Tom Udall, Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

OPINION

ALARID, Chief Judge.

Defendant appeals from his conviction as an accessory in cocaine trafficking. Our calendar notice proposed summary affirmance, and defendant responded with a memorandum in opposition. We have considered defendant's arguments and are not persuaded. We affirm.

FACTS

Officer Dustin Peterson was working undercover. Peterson testified that he was looking for defendant's brother when he met defendant. Defendant took Peterson into his house and offered to find a controlled substance for him. Defendant left his house and returned with his brother, who then sold cocaine to Peterson. During the trial, defendant objected to the admission of any evidence developed subsequent to the officer's entry into defendant's house.

ENTRY BY DECEPTION

 Defendant acknowledges that decisions of the Supreme Courts of the United States and New Mexico establish that entry by deception does not violate the Fourth Amendment. *See, e.g., Lewis v. United States,* 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966); *State v. Chavez,* 87

N.M. 180, 531 P.2d 603 (Ct.App.1974), *cert. denied,* 422 U.S. 1011, 95 S.Ct. 2635, 45 L.Ed.2d 675 (1975). Nonetheless, he argues that those authorities should not be followed because it is logically impossible to voluntarily consent to an entry obtained by deception.

Defendant does not contend that Officer Peterson searched, forcibly entered his residence, or that anything other than the purchased cocaine was taken away. There is no indication that Peterson saw, heard, or took anything that was not contemplated and intended by defendant as part of the illegal transaction. Furthermore, by taking Peterson into the house, defendant chose the location where both the conversation and the transaction took place. In short, the deception did not result in any breach of privacy. *See Lewis v. United States* (undercover narcotics agent admitted to defendant's home to purchase marijuana). Since there was no breach of defendant's legitimate interest in privacy, the officer's conduct did not abridge defendant's Fourth Amendment rights. *See State v. Chavez* (distinguishing officer's entry into room from situation where entry was forcible in nature).

■ Defendant requests that we construe our state constitution to grant him greater protection from searches and seizures than is afforded under the federal constitution. We decline this invitation for two reasons: defendant cites no authority to support his position, *see In re Adoption of Doe,* 100 N.M. 764, 676 P.2d 1329 (1984); and defendant did not claim below that the New Mexico Constitution gives more Fourth Amendment protections than the federal constitution. *See State v. Sutton,* 112 N.M. 449, 816 P.2d 518 (Ct.App.1991).

PROSECUTOR'S COMMENT

Our calendar notice proposed to affirm this issue because defendant failed to demonstrate that the prosecutor's actions were prejudicial. *See State v. Hoxsie,* 101 N.M. 7, 677 P.2d 620 (1984) (mere assertion of prejudice does not establish prejudice). Defendant has not pointed out any error in fact or law with respect to this basis for affirmance. *See State v. Sisneros,* 98 N.M. 201, 647 P.2d 403 (1982).

We affirm.

IT IS SO ORDERED.

DONNELLY and MINZNER, JJ., concur.