This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ERNESTO GRIEGO, and**
**LUGARDITA GRIEGO,**

Plaintiffs-Appellees,

v.                                                          **NO. 30,229**

**FLORENCE C. RODRIGUEZ,**

Defendant-Appellant,

and

**DON RODRIGUEZ, ISAIAH**
**RODRIGUEZ, EDWIN ORTIZ,**
**and ZIA CREDIT UNION, a New**
**Mexico Corporation,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Michael E. Vigil, District Judge**

Familia Legal Services
Lorenzo E. Atencio
Espanola, NM

for Appellees

Florence C. Rodriguez
Espanola, NM

Pro Se Appellant

# MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant appeals pro se from the district court's judgment in favor of Plaintiffs in a property dispute. We issued a calendar notice proposing to summarily affirm the district court. Defendant filed a timely memorandum in opposition, which included numerous attachments. After due consideration, we affirm.

Initially, we note that Defendant attached numerous documents and other items to her response. We remind Defendant that an appellate court reviews only matters that were presented to the district court. *See Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855. Therefore, we will not consider any of the attachments unless they are already part of the record on appeal.

In addition, we note that Defendant filed her memorandum in opposition in two parts. The second part discusses at length Defendant's health and family history. Defendant then repeats some allegations already raised in the first part of her response but also raises new issues about her rights being violated. However, these arguments are vague and unclear. "We will not review unclear arguments, or guess at what [a party's] arguments might be." *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076. In addition, Defendant refers extensively to

matters not of record. The "reference to facts not before the district court and not in the record is inappropriate and a violation of our Rules of Appellate Procedure." *Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19. Therefore, this Court will not consider any new factual assertions made by Defendant on appeal. *See id.*

Moreover, to the extent that the issues mentioned in the second part of Defendant's response were not raised in the docketing statement or notice of appeal, we will only grant motions to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). Defendant has not met her burden in meeting these requirements and demonstrating how any additional issues she seeks to raise are viable. We therefore decline to address her new issues.

**DISCUSSION**

Turning to the merits, Plaintiffs filed a complaint to cancel a warranty deed and for damages against Defendant alleging fraud and seeking to quiet title in a .91 acre

tract of land in their favor. [RP 1-3] Plaintiffs claimed that Defendant, their former daughter-in-law, committed fraud by forging and altering documents. [RP 1-3] Plaintiffs argued that they intended to transfer the property to their granddaughter, Yvette, and great granddaughter, Marina. [RP 923] Defendant claimed that she bought the land from Plaintiffs and that there was no evidence that Plaintiffs intended to transfer the land to Yvette and Marina. [Notice of Appeal (NOA) 1-2] After hearing evidence, the district court rejected Defendant's version of events and ruled in Plaintiffs' favor by finding that Defendant had defrauded Plaintiffs of their land, that Plaintiffs were entitled to special damages in the amount of $50,000, that a bill of sale was void, that two warranty deeds were cancelled and set aside, and that title to the property was quieted in Plaintiffs' favor. [RP 999-1001] We address Defendant's challenges to the district court's judgment as follows.

**Sufficiency**

As discussed in our calendar notice, Defendant makes several challenges to the sufficiency of the evidence. Defendant continues to argue that she is the rightful owner of the property in dispute based on a bill of sale, survey documents that she recorded, and her payment of taxes on the parcel from 2005-2009. [NOA 1-2; MIO I at 1-8] Defendant also claims that the district court erred in ruling against her in

finding that she committed fraud and is liable for slander of title. [NOA 1-4; MIO I at 1-8 ]

In reviewing a sufficiency of the evidence claim, the reviewing court views the evidence in the light most favorable to the prevailing party and disregards evidence and inferences to the contrary. *Weidler v. Big J Enters., Inc.*, 1998-NMCA-021, ¶ 30, 124 N.M. 591, 953 P.2d 1089 (filed 1997). In our calendar notice, we noted that the district court concluded that Defendant had obtained the survey documents by fraud. On appeal, Defendant claims she has a valid bill of sale. [MIO I at 5] She disputes that Plaintiffs intended to transfer the property to Yvette and Marina and claims that when Plaintiffs signed the bill of sale on September 25, 2005, the bill of sale only included her name and not Yvette's and Marina's. [NOA 3; MIO I at 3-8] She further claims that the bill of sale was properly notarized. [MIO I at 3] Defendant continues to argue that the bill of sale and survey documents conveyed title to her despite any subsequent alterations. [Id. at 2-3] She also disputes the nature of those alterations. [Id. at 7] Defendant characterizes the alterations as changes that took place after the bill of sale was executed and cites to case law for support that subsequent changes cannot destroy otherwise valid title. [Id. at 2-3, 7] She then claims that the survey plat ratified the bill of sale by showing that she is the owner of the property at issue. [Id. at 4]

Despite Defendant's claims, we are not persuaded. The district court initially granted Plaintiffs' summary judgment motion, which requested the court to set aside two warranty deeds as invalid, due to Defendant's failure to respond to the motion. [RP 723-24] Defendant then argued that summary judgment was improper and that setting aside the warranty deeds would not quiet title because a bill of sale and a subsequent recorded survey plat that would also act as a valid conveyance had not been set aside. [Id. 732-41] The district court agreed to reconsider its judgment with respect to whether there was a valid conveyance. [Id. 880-81]

At trial, Plaintiffs were able to present evidence from an expert witness that Plaintiffs' signatures on a warranty deed were forged. [RP 924-25] Plaintiffs introduced testimony that when Plaintiffs signed the bill of sale, it named Defendant, Yvette, and Marina as buyers but that the names of Yvette and Marina were later crossed out. [Id. 958-59] A notary public testified that when she notarized the bill of sale Yvette and Marina were listed as buyers. [Id. 958] Under these circumstances, the district court concluded that there was no valid conveyance. [Id. 999-1001] The court quieted title in favor of Plaintiffs and awarded special damages in the amount of $50,000 for having to clear the slander of title created by Defendant. [Id. 960]

Despite Defendant's claims that the district court should have ruled in her favor, we remain persuaded that Defendant's allegations of error with regard to the

7

sufficiency of the evidence involve credibility determinations that we will not disturb on appeal. *See Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 127, 767 P.2d 363, 366 (Ct. App. 1988) (stating that the district court is in the best position to evaluate the credibility of witnesses); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (filed 1998) (holding that the fact finder is free to reject a party's version of events). "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789.

Defendant continues to claim that the bill of sale was not altered until after its execution. [MIO I at 2-3, 7] Defendant claims that she provided clear and detailed testimony that when Plaintiffs executed the bill of sale, Defendant's name was the only name listed on it. [Id. at 7] She claims that she added the names of Yvette and Marina to the bill of sale later and then scratched out their names. [Id.] Thus, she claims that the bill of sale and subsequent survey document are valid and attempts to rely on cases that stand for the proposition that changes subsequent to the execution of a document do not destroy otherwise valid title. [Id. at 2-3]

Contrary to Defendant's assertions, we remain persuaded that there was sufficient evidence to support the district court's judgment based on the testimony of

Plaintiffs, Plaintiffs' expert witness on handwriting analysis, and the notary public. [RP 921-922, 924-25, 942-43, 959] In addition, the district court was able to evaluate the documentary evidence including the warranty deeds, bill of sale, and survey plats. Although Defendant contends that the district court should have reached a different result, viewed in the light most favorable to the district court's judgment, sufficient evidence supports the court's determination that Defendant forged signatures and altered documents contrary to Plaintiffs' intentions to transfer their property to Yvette and Marina. Thus, Defendant's reliance on the recorded survey plats, which refer to the altered bill of sale, are misplaced. Likewise, because Plaintiffs thought they were transferring the property to Yvette and Marina, their failure to pay taxes is of little consequence. Under these circumstances, we hold that there is sufficient evidence to support the district court's judgment quieting title in favor of Plaintiffs.

We note that Defendant appears to be arguing that her claims that she did not alter the bill of sale are supported by the original bill of sale. [NOA 4] However, the alleged "original bill of sale" document was not introduced into evidence [id.] and we decline Defendant's invitation to consider it for the first time on appeal. [MIO I Extras #2] An appellate court reviews only matters that were presented to the district court. *See Campos Enters., Inc.*, 1998-NMCA-131, ¶ 12. We therefore do not consider this document or arguments related to it on appeal.

9

**Rulings in Plaintiffs' Favor**

In our calendar notice, we addressed Defendant's argument that the district court unfairly ruled against her and in favor of Plaintiffs on several matters. We proposed to reject Defendant's specific allegation that the district court improperly ruled against her on summary judgment while ruling in Plaintiffs' favor on summary judgment. We also proposed to hold that an argument that the district court was biased simply because it ruled against her was not enough to demonstrate prejudice. *See State v. Case*, 100 N.M. 714, 717, 676 P.2d 241, 244 (1984) (stating personal bias cannot be inferred from an adverse ruling). Defendant has not responded to our proposed disposition on the specific allegations. For the reasons in the calendar notice, we therefore affirm on those matters.

To the extent Defendant raises additional claims of general bias, prejudice, and misconduct concerning the district court and Plaintiffs' attorney, [MIO II at 7-12] Defendant does not clearly set forth her arguments or point to anything in the record to demonstrate error. "We will not search the record for facts, arguments, and rulings in order to support generalized arguments." *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 (filed 2008). As the party opposing the proposed disposition, it is Defendant's burden to clearly point out errors in fact or law. *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Here,

Defendant has presented us with a laundry list of allegations. However, "[a]n assertion of prejudice is not a showing of prejudice." *State v. Hoxsie*, 101 N.M. 7, 10, 677 P.2d 620, 623 (1984), *overruled on other grounds, Gallegos v. Citizens Ins. Agency*, 108 N.M. 722, 731, 779 P.2d 99, 108 (1989). We therefore decline to address Defendant's unclear and unsubstantiated claims of error based on prejudice and misconduct.

**Damages**

Defendant continues to claim that she is not liable for slander of title and that the district court erred in awarding special damages to Plaintiffs in the amount of $50,000. [NOA 5; MIO I at 3-8] Defendant argues that the district court did not find her liable for the damages, that Zia Credit Union already paid for the damages in their settlement with Plaintiffs, and that Plaintiffs could not have a claim for slander of title. [Id.] We disagree.

The district court concluded that Defendant defrauded Plaintiffs out of their real property and awarded special damages in the amount of $50,000 against Defendant. [RP 957-60] The district court found that Defendant "intentionally misappropriated or took . . . Plaintiffs' real property." [Id. 960] Thus, the district court found that there was evidence of malice based on Defendant altering and forging documents.

11

Accordingly, the district court clearly found Defendant liable for special damages in the amount of $50,000.

Defendant continues to argue that Plaintiffs did not meet their burden of demonstrating that Defendant forged or altered documents. [MIO I at 3-8] She continues to assert that the bill of sale and survey documents were valid. [Id.] As discussed above, sufficient evidence was presented to the district court that Defendant intentionally forged and altered documents in an attempt to take the property from Plaintiffs.

Defendant also continues to argue that Plaintiffs were not damaged by her conduct. [NOA 5; MIO I at 6] To the contrary, Plaintiffs argued that they intended to transfer the property to Yvette and Maria, but that Defendant prevented them from actually doing so by fraudulent methods. As a result, Plaintiffs suffered special damages in clearing the slander of title created by Defendant. [RP 960] We therefore are not persuaded that the district court erred in awarding special damages.

**CONCLUSION**

For these reasons, and those in the calendar notice, we affirm the district court on all issues.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL E. VIGIL, Judge**