This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 34,265**

**FRANK COSTELON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DONA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Frank Emanuel Costelon (Defendant) appeals from the order dismissing his

motion to set aside the judgment and sentence convicting him for distribution of marijuana. This Court's first notice proposed to affirm. Defendant filed a memorandum opposing this Court's proposed disposition and moved to amend his docketing statement. Having given due consideration to Defendant's arguments in opposition, we affirm. Moreover, Defendant's motion to amend his docketing statement is **DENIED**.

{2}    Initially, we note that a party responding to a proposed disposition of this Court must point out specific errors in fact or law. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). In response to this Court's calendar notice, appellate counsel included a discussion describing the facts and proceedings. A number of the facts provided are attributed to written and verbal communications with Defendant, and counsel has not indicated whether these facts were actually before the district court. Unlike trial counsel, we note that a defendant is not an officer of the Court and is not bound by a duty of candor towards the tribunal. Moreover, counsel does not point out whether any of the facts asserted are contrary to those relied on by this Court in our notice of proposed disposition. We suggest that repetition of facts known to this Court and inclusion of information that

2

has not been asserted as being before the district court is not an efficient use of counsel's or this Court's time and is of little use in assessing whether this Court should proceed with its proposed summary disposition. We encourage counsel to follow the rules of appellate procedure and case law more closely.

{3} Defendant continues to argue that the district court erred in denying his Rule 1-060 NMRA motion to set aside the judgment and conviction on grounds that he was denied effective assistance of counsel when his trial counsel failed to file a motion to suppress evidence after contraband was found on his person while he was subjected to a strip search at the Doña Ana County Detention Center. This Court's first notice proposed to affirm on the basis of the district court's findings that Defendant was not strip searched, but rather, the contraband found taped to his underarms was visually observed while he was changing clothes during the booking process. [RP 357, 370, 454] *See Duncan v. Kerby*, 1993-NMSC-011, ¶ 7, 115 N.M. 344, 851 P.2d 466 (recognizing that we review the district court's factual findings to determine if substantial evidence supports the court's findings).

{4} The memorandum in opposition relies on Defendant's version of the facts as communicated by him to defense counsel via written correspondence and verbal communications. There is no indication that any of these facts were presented as evidence in the record. Even assuming they were, the district court judge found that

3

Defendant was not strip searched, and the record appears to support his findings. [RP 357, 370, 454] Thus, the district court apparently concluded that Defendant's testimony was not credible, and this Court defers to the district court on matters of credibility. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder [in this case, the judge] to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay). Given that it is for the trial court to weigh evidence and assess credibility, we affirm the district court's decision that trial counsel was not ineffective for failing to file a motion to suppress. *See State v. Chandler*, 1995-NMCA-033, ¶ 35, 119 N.M. 727, 895 P.2d 249 (indicating that trial counsel is not ineffective for failing to make a motion that is not supported by the record).

{5}     Defendant has also moved this Court to amend his docketing statement pursuant to Rule 12-208(E) NMRA to add a new issue: whether trial counsel was ineffective on remand. The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817

4

P.2d 730. For the reasons that follow, we deny Defendant's motion to amend the docketing statement on the ground that the issue raised is not a viable appellate issue.

{6} Defendant argues that trial counsel was ineffective on remand for failing to investigate if Defendant's claim was actually meritorious. In particular, Defendant asserts that trial counsel failed to: 1) investigate Dona Ana County Detention Center's policies and procedures at the time of Defendant's arrest; 2) subpoena previous trial counsel; 3) retain an expert witness to testify about what a reasonably competent attorney would have done in similar circumstances; or 4) raise Defendant's *Brady v. Maryland*, 373 U.S. 83 (1963), violation for withholding evidence. [DS 16] However, because we affirm the district court's finding that Defendant was not strip searched, the facility's policies and procedures and case law regarding the propriety of strip searches are irrelevant.

{7} Insofar as Defendant argues the State withheld evidence from him in 2003, we are not persuaded Defendant presents a viable issue. [DS 17] Defendant contends that the State failed to disclose an incident report in 2003 that was later provided to him through an open records request. [DS 18] Defendant asserts that the initial discovery provided by the State contained Bates-stamped page numbers, and that a gap existed in the numbering where the incident report was likely taken out and deliberately withheld by the prosecutor. [DS 18] Defendant does not indicate what information

5

was contained in the alleged incident report that prejudiced him to such a degree that reversible error occurred. *See State v. Hoxsie*, 1984-NMSC-027, ¶ 8, 101 N.M. 7, 677 P.2d 620 ("In the absence of prejudice, there is no reversible error."), *rev'd on other grounds, Gallegos v. Citizens Ins. Agency*, 1989-NMSC-055, 108 N.M. 722, 779 P.2d 99.

**{8}** Given that Defendant has failed to demonstrate a viable appellate issue, his motion to amend the docketing statement is **DENIED**. With respect to the issues raised in Defendant's original docketing statement and argued in his memorandum in opposition, we affirm for the reasons stated above and in this Court's notice of proposed disposition.

**{9}** For all of these reasons and those stated in this Court's first notice, we affirm.

**{10}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**JONATHAN B. SUTIN, Judge**