483 P.2d 1322

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Johnny GARCIA, Defendant-Appellant.**

No. 553.

Court of Appeals of New Mexico.

April 2, 1971.

———◆———

Harold B. Albert, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, Frank N. Chavez, Asst. Atty. Gen., for plaintiff-appellee.

OPINION

SUTIN, Judge.

Garcia was convicted of burglary. He appealed. The only claim of error on appeal is that the trial court erred in not granting appellant's motion for a continuance.

We affirm.

*Was Garcia Entitled to a Continuance?*

The date of trial was January 27, 1970. Notice of trial was given Garcia on December 5, 1969. On the morning of the trial, Garcia's trial attorney stated that Garcia was not ready for trial because the day before he was in a hospital and began taking codeine; that this was due to a reinjury of an old chest injury; that Garcia had a sort of drug intoxication and he was not in condition to stand trial. The request to postpone the trial was denied. Garcia did not testify about his health, his lack of preparation for trial, nor file a motion for a continuance supported by oath, § 21–8–7, N.M.S.A. (Repl.Vol. 4), nor present any medical testimony on his ability to be ready for trial.

The attorney on this appeal, appointed by the trial court, was not his trial attorney. However, he presented a good brief and argument. But no reasons could be given that the denial of the postponement was prejudicial, or that substantial justice could be more clearly obtained. See § 21–8–9, N.M.S.A.1953 (Repl.Vol. 4) on continuance.

The granting or denial of a motion for continuance is within the discretion of the trial court. There was no abuse of discretion.

We have read and considered the authorities cited by Garcia, and these do not compel a different conclusion.

The judgment and sentence are affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.