532 P.2d 208

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Billy Gene ROMERO, Defendant-Appellant.**

**No. 1619.**

Court of Appeals of New Mexico.

Feb. 5, 1975.

James K. Ribe, Zamora & Ribe, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Ira S. Robinson, Jay F. Rosenthal, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of larceny of property exceeding the value of $100.00 but less than $2,500.00 contrary to § 40A–16–1, N.M.S.A. 1953 (2d Repl. Vol. 6, 1972), defendant appeals. His assertions for reversal relate to: (1) the failure to grant a motion to suppress oral and written statements; (2) the refusal of the trial court to furnish a copy of the transcript of the suppression hearing; (3) the admission of an owner's testimony as to value of the stolen goods; and (4) the failure to instruct on voluntariness of the statements. We reverse on point (2).

■ We do not decide point (1) since the transcript of the hearing on the motion to suppress is not included in the record on appeal. Matters outside the record present no issue for review. State v. Ford, 81 N. M. 556, 469 P.2d 535 (Ct.App.1970). Point (3) is answered by State v. Zarafonetis, 81 N.M. 674, 472 P.2d 388 (Ct.App. 1970), i.e., an owner's testimony regarding the value of an item stolen is admissible and sufficient to withstand a motion for a directed verdict based on lack of evidence of value. Point (4) is answered by R.Cr. P. 41(g), § 41–23–41(g), N.M.S.A. 1953 (2d Repl. Vol. 6, 1972, Supp.1973), i.e., defendant never requested an instruction on voluntariness and the error is therefore waived.

■■ The defendant was, however, entitled to be furnished with a copy of the transcript of the hearing on the motion to

suppress. Other than the trial judge and his court reporter involved in the actual trial, there were two and possibly three other judges and court reporters involved in the suppression hearing and the motion for transcript hearing. Defendant's attorney at the .suppression hearing was different than counsel at the transcript hearing or at trial. Defendant's motion for the transcript was based on the grounds that it was needed both for impeachment purposes and as substantive evidence regarding the circumstances of his alleged voluntary statements and that to deny him the transcript would deny him equal protection of the laws.

A review of the trial transcript shows defendant's main defense related to the background circumstances surrounding his statements made to a police officer. It appeared that the officer testified differently at trial than at the suppression hearing. The state relied heavily on the statements in order to obtain a conviction. It would thus appear that defendant was precluded from having a copy of a transcript which went to the very essence of his defense, that is, the impeachment of the police officer who testified about a non-custodial voluntary admission by defendant.

In Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), the Supreme Court of the United States declared that:

> "Griffin v. Illinois [351 U.S. 12, 76 S. Ct. 585, 100 L.Ed. 891 (1956)] and its progeny establish the principle that the State must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners. While the outer limits of that principle are not clear, there can be no doubt that the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal. [Citations omitted].
>
> . . .

. . . . . .

> " . . . [T]his Court has identified two factors that are relevant to the determination of need: (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript. [Citations omitted]."

It has long been recognized that a transcript of prior testimony is a most useful tool in mounting an attack upon the credibility of witnesses. United States v. Young, 472 F.2d 628 (6th Cir. 1972). The refusal to give a copy of the grand jury testimony of witnesses who would also testify at trial on the same subject matter has been held to deny a defendant the right of effective cross-examination. State v. Vigil, 85 N.M. 735, 516 P.2d 1118 (1973); State v. Sparks, 85 N.M. 429, 512 P.2d 1265 (Ct.App.1973). Given the facts of the instant case, defendant's basic defense was to persuade the jury that the statements were involuntary. A copy of the prior hearing transcript would have been invaluable. Thus, the first test in Britt v. North Carolina, supra, is met.

A comparison of the facts in this case with those in *Britt,* supra, with regard to reasonable alternatives to the transcript, will show that the exception to the general rule carved out in *Britt* is clearly inapplicable here. *Britt* stated the general rule that once need is shown, an indigent defendant is entitled to a free copy of a transcript of prior proceedings. The exception is when there are reasonable alternatives. Whereas in *Britt,* the two proceedings were attended by the same judge, the same attorneys, and the same court reporter who was concededly willing to read back portions of the transcript, here the record reveals an almost entirely different cast for each proceeding. Only the defendant remained the same.

It has been held not to be a realistic alternative to expect an attorney to remem-

ber testimony given at a previous proceeding. Britt v. North Carolina, supra; United States ex rel. Wilson v. McMann, 408 F.2d 896 (2d Cir. 1969). Nor are constitutional rights implemented by expecting attorneys to keep copious notes for purposes of later cross-examination even when the attorneys are the same. A fortiori, such is the case where the defense attorneys are different. United States ex rel. Wilson v. McMann, supra; Britt v. North Carolina, supra. The alternative shown in *Britt,* i.e., the availability of the court reporter, does not seem feasible here where the court reporters are different and the proceedings took place within the crowded Albuquerque courts. Thus, the second test in *Britt* is met.

It should be noted that the rule announced today should be construed liberally in favor of a defendant's right to equal protection of the law and effective cross-examination. As pointed out in Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966):

"[It is not] realistic to assume that the trial court's judgment as to the utility of material for impeachment or other legitimate purposes, however conscientiously made, would exhaust the possibilities. In our adversary system, it is enough for judges to judge. The determination of what may be useful to the defense can properly and effectively be made only by an advocate."

See also United States v. Young, supra; Little v. Turner, 402 F.2d 495 (10th Cir. 1968).

By this holding we do not overrule our previous holding in State v. Toussaint, 84 N.M. 677, 506 P.2d 1224 (Ct.App.1973). We see the instant situation as being entirely different from that in which a criminal defendant desires a copy of a transcript to pore over searching for unidentified errors.

Given the facts shown of record here, we hold that it was error to deny the defendant a copy of the motion to suppress transcript. Accordingly, the judgment is reversed and defendant is awarded a new trial.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.