591 P.2d 664

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**William J. SMITH, Defendant-Appellant.**

**No. 11905.**

Supreme Court of New Mexico.

Feb. 27, 1979.

Warren O. F. Harris, Albuquerque, for defendant-appellant.

**536**

Toney Anaya, Atty. Gen., Janice Marie Ahern, Charlotte Hetherington Roosen, Asst. Attys. Gen., Santa Fe, Virginia Ferrara, Asst. Dist. Atty., Albuquerque, for plaintiff-appellee.

## OPINION

McMANUS, Senior Justice.

August 19, 1977 defendant William J. Smith and a co-defendant were charged with the crimes of murder, kidnapping, accessory to murder, and accessory to kidnapping. The trials of the defendants were severed, and Smith was tried October 11, 1977. The trial court granted Smith's motion for a directed verdict of acquittal as to the kidnapping charges. At the end of the trial, the court declared a mistrial because the jury was unable to reach a unanimous decision. Smith was subsequently re-tried on January 30, 1978 and was convicted of the first-degree murders of Leslie D. McDonnell and Cari Talton, a/k/a Carie Newell. Smith appeals those convictions, alleging fourteen points of error. We will discuss each point separately.

## POINT I

Smith filed a motion to quash the grand jury indictment because he was denied his right to a fair presentation of evidence to the grand jury and denied his rights to due process and equal protection under the Constitution of the State of New Mexico and the Constitution of the United States. Smith argues that the indictment resulted from an uninformed and misled grand jury because the district attorney knowingly failed to present exculpatory evidence at the grand jury proceeding. The trial court denied the motion, and Smith claims error.

We decline to review the trial court's ruling on this motion. Smith failed to provide this Court with a record of the hearing on the motion to quash the indictment. Therefore, Smith waived his right to challenge the ruling of the trial court. Matters outside the record present no issue for review. *State v. Romero*, 87 N.M. 279, 532 P.2d 208 (Ct.App.1975).

## POINT II

Smith claims that the trial court erred by not granting his motion to reduce bond. Smith contends that bond set at $100,000 was unreasonable in light of the fact that his first trial resulted in a mistrial.

Again, we find that no issue is presented for review. The remedy for a defendant claiming an excessive setting of bail is found under N.M.R.Crim.P. 26, N.M. S.A.1978. Rule 26 provides for an appeal from orders regarding release entered prior to a judgment of conviction. This rule specifically includes orders setting bond. Review of a motion to reduce bond at this point is not warranted because the trial court's ruling on bond has no relation to the merits of an appeal from a conviction. *State v. Cebada*, 84 N.M. 306, 502 P.2d 409 (Ct.App.1972). Furthermore, in New Mexico the amount of bail set by a trial court is within the sound discretion of the trial court. N.M.R.Crim.P. 22, N.M.S.A.1978. There has been no showing that the trial court abused its discretion in denying Smith's motion for bond reduction.

## POINT III

Smith claims his conviction should be reversed because the conduct of law enforcement officials violated his constitutional rights to due process and equal protection.

Smith alleges that the law enforcement officers who prepared the affidavit for search warrant included erroneous and misleading evidence and information on the affidavit. Smith attacked the search warrant in a suppression hearing, however, he has failed to provide this Court with any record of evidence presented at that hearing. Smith's only reference indicating errors in the search warrant is to tapes of the trial. These tapes have no bearing on the search warrant. Thus, the general allegations of unfairness made by the defendant are not supported in the record. General allegations present no issue for this Court to review. *State v. Romero, supra.*

Smith also asserts that the State's attorneys acted improperly at the grand jury proceedings. Smith contends that the prosecuting attorneys knowingly failed to present exculpatory evidence in the grand jury proceedings. In addition, Smith argues that these attorneys presented the evidence and made certain comments to the grand jury in such a way as to improperly influence the decision of the grand jury. Finally, Smith alleges that certain oral testimony heard before the grand jury was not recorded in violation of § 31–6–8, N.M.S.A. 1978 [formerly § 41–5–8, N.M.S.A.1953 (Repl.1972)]. Smith has not forwarded the grand jury minutes to this Court, so again, we have no record to review.

■ The alleged violations of due process and equal protection made by the defendant are not supported in the record, nor does the defendant provide any authority to this Court in support of his allegations. A general claim of denial of a fair trial cannot provide a basis for relief. *State v. Paul*, 83 N.M. 527, 494 P.2d 189 (Ct.App.1972).

POINT IV

Smith contends that the trial court erred in not granting his motion to dismiss the indictment for lack of venue and jurisdiction in the District Court of Bernalillo County. A Torrance County rancher discovered the bodies of the two girls on his ranch, and the crime was allegedly committed in Torrance County.

■ The trial court did not err by denying Smith's motion. The Bernalillo County District Court had jurisdiction over this case because there was no evidence that the crime occurred in a place other than New Mexico. *See State v. Ramirez*, 89 N.M. 635, 556 P.2d 43 (Ct.App.1976); *State v. Losolla*, 84 N.M. 151, 500 P.2d 436 (Ct.App.1972). In addition, venue was proper in Bernalillo County because there was substantial evidence that the defendant formed the intent to kill both girls in Bernalillo County. If elements of a crime were committed in different counties, the trial may be held in any county in which a material element of the crime was committed. *State*

*v. Wise*, 90 N.M. 659, 567 P.2d 970 (Ct.App. 1977), *cert. denied*, 91 N.M. 4, 569 P.2d 414 (1977).

POINT V

Smith argues that the trial court abused its discretion in denying his motion for a continuance because he was not emotionally or mentally able to prepare for the trial on its originally scheduled date.

■ The standard of review on a denial for a motion for continuance is whether the trial court abused its discretion to the prejudice or injury of the defendant. *Doe v. State*, 88 N.M. 347, 540 P.2d 827 (Ct.App.1975), *cert. denied*, 88 N.M. 318, 540 P.2d 248 (1975); *State v. Brewster*, 86 N.M. 462, 525 P.2d 389 (Ct.App.1974); *State v. Garcia*, 82 N.M. 482, 483 P.2d 1322 (Ct.App. 1971). In this case, Smith has failed to present any evidence supporting the claims made in his motion for continuance. As there has been no showing that the denial of defendant's motion was prejudicial or that substantial justice would have been more clearly obtained if a continuance had been granted, we must uphold the trial court's decision.

POINT VI

Smith argues that the trial court erred in admitting his sawed-off shotgun because there was no way to connect the gun with the deaths of either of the girls and because the prejudicial effect of the evidence outweighed its probative value.

■ The admission of evidence is within the sound discretion of the trial court, and its ruling will be upheld unless there is a showing of abuse of discretion. *State v. Bell*, 90 N.M. 134, 560 P.2d 925 (1977). After reviewing the record, we find no such abuse.

POINT VII

Smith argues that the trial court's limitation of his cross-examination of various State witnesses concerning the character and habits of the two victims deprived him

of a fair trial and of his constitutional right to confront the witnesses against him.

■ Where character is an element of the crime, claim, or defense, there is no question as to its relevancy and its admission is governed by N.M.R.Evid. 402, N.M.S.A.1978. *State v. Bazan*, 90 N.M. 209, 561 P.2d 482 (Ct.App.1977), *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977). In all other cases character evidence is collateral, so its admissibility is limited to the exceptions outlined in N.M.R.Evid. 404, N.M.S.A.1978. *State v. Bazan, supra; State v. Marquez*, 87 N.M. 57, 529 P.2d 283 (Ct.App.1974), *cert. denied*, 87 N.M. 47, 529 P.2d 273 (1974). The pertinent part of Rule 404 provides:

(a) CHARACTER EVIDENCE GENERALLY.

Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

* * * * * *

(2) *Character of victim.* Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor * *.

■ As we stated previously, the admission of evidence is within the sound discretion of the trial court. *State v. Bell, supra*; *State v. Marquez, supra*. The trial court did not abuse its discretion in refusing to admit evidence pertaining to the drug habits of the victims.

## POINT VIII

Smith argues that the trial court erred in denying his motion for directed verdict of acquittal because the verdict is not supported by the evidence.

■ A directed verdict is not proper where there is substantial evidence to support the conviction. *State v. James*, 85 N.M. 230, 511 P.2d 556 (Ct.App.1973), *cert.*

*denied*, 85 N.M. 228, 511 P.2d 554 (1973). The fact that some of the evidence is circumstantial does not alter the policy of affirming a conviction on appeal where the evidence taken as a whole supports the verdict. *State v. Adams*, 89 N.M. 737, 557 P.2d 586 (Ct.App.1976), *cert. denied*, 90 N.M. 7, 558 P.2d 619 (1976). The question before this Court is whether the direct or circumstantial evidence admitted at trial, together with all reasonable inferences to be drawn therefrom, will sustain a finding of guilt beyond a reasonable doubt. *See State v. Adams, supra*. After reviewing the record, we find that each element of the crimes charged is supported by substantial evidence. The trial court properly denied defendant's motions for directed verdict.

■ The defendant also claims that the trial court erroneously denied his motion for a new trial. N.M.R.Crim.P. 45, N.M.S.A.1978 provides that the court may grant a new trial if required in the interest of justice. Such a motion is addressed to the sound discretion of the trial court, and the denial of such a motion will be upheld on appeal unless it can be shown there was a clear abuse of discretion. *State v. Wright*, 84 N.M. 3, 498 P.2d 695 (Ct.App. 1972). Smith has failed to present any facts which would indicate the trial court's ruling was arbitrary, capricious or beyond reason. *See State v. Kincheloe*, 87 N.M. 34, 528 P.2d 893 (Ct.App.1974).

## POINT IX

Smith argues that the trial court erred in forcing him to produce a witness for the State. The State submits that Smith's allegations are without merit. Ginger Donham, who was listed as a witness by both the prosecution and the defense, was expecting to deliver a child the same week as the trial. Her doctor refused to let her make the trip from California by car. And, the State presented an affidavit indicating that as a general policy, airlines refuse to carry women as passengers if they are past their eighth month of pregnancy. The trial court declared Ms. Donham unavailable and

indicated it would allow the playing of her tape-recorded testimony from the previous trial. Although the trial court felt it could not order the State to produce Ms. Donham, the court did say she could appear voluntarily if she chose to do so. Ms. Donham testified at trial the next day.

N.M.R.Evid. 804(b), N.M.S.A.1978 provides that the former testimony of a witness is not hearsay and is admissible in a subsequent proceeding if the witness is unavailable at the subsequent proceeding. Subsection (a)(4) of Rule 804 defines a witness as "unavailable" when he:

is unable to be present or testify at the hearing because of death or then existing physical or mental illness or infirmity * * *.

■■ The trial court has discretion to determine whether the burden of showing unavailability has been met. The ruling of the trial court will not be disturbed absent a showing of abuse of that discretion. *State v. Mann*, 87 N.M. 427, 535 P.2d 70 (Ct.App.1975); *State v. Holly*, 79 N.M. 516, 445 P.2d 393 (Ct.App.1968). It is the opinion of this Court that the trial court did not abuse its discretion in refusing to order Ms. Donham's attendance. Defendant's claim that he was forced to produce a witness for the State is without merit.

■ Smith also contends that the trial court erred in limiting his cross-examination of Ms. Donham during the State's case in chief. N.M.R.Evid. 611(a), N.M.S.A.1978 gives the trial court the power to control the mode and order of interrogating witnesses and presenting evidence. Rule 611(b), N.M.S.A.1978 gives the trial court the power to control the scope of cross-examination of a witness or witnesses. The exercise of the judge's discretion in controlling the order of witnesses or the mode of interrogation will not be disturbed except upon a showing of abuse of that discretion. *State v. Bell, supra; State v. Wesson*, 83 N.M. 480, 493 P.2d 965 (Ct.App.1972). We find no such abuse here.

## POINT X

■■ Smith contends it was error for the trial court to deny his motion for "a list of all sawed-off shotguns presently being held in the Albuquerque Police Department's Evidence Room and a list of any and all sawed-off shotguns that came into the possession of the Albuquerque Police Department and other law enforcement agencies, both State and Federal during the year of 1977." N.M.R.Crim.P. 27(a)(5), N.M.S.A. 1978 provides that the defendant can obtain:

Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the state, and which are material to the preparation of the defense or are intended for use by the state as evidence at the trial, or were obtained from or belong to the defendant * *.

In order to obtain a new trial for a violation of subsection (a)(5), the non-disclosed items must be material to the guilt or innocence of the accused or to the penalty to be imposed. *Chacon v. State*, 88 N.M. 198, 539 P.2d 218 (Ct.App.1975). In addition, where the non-disclosure does not prejudice the defendant, there are no grounds for reversal. *Chacon v. State, supra*. In this case, Smith has failed to provide this Court with any record indicating that the records were in the control or custody of the State, or that they were material to his defense. Matters outside the record present no issue for review. *State v. Romero, supra*.

■■ Smith also contends that it was error for the trial court to deny his motion for the complete record of all arrests and convictions of the State's witnesses. Under N.M.R.Crim.P. 27(b), N.M.S.A.1978, the defendant is entitled to a written list of the names and addresses of all witnesses which the district attorney intends to call at trial and any record of prior convictions of any such witness which is within the knowledge of the district attorney. The defendant was not entitled, under the rules, to information concerning prior arrests. Further-

**540**

more, the defendant did not provide any other basis which would entitle him to disclosure of a witness' arrest records. Disclosure which is not required under the Rules of Criminal Procedure or as a matter of constitutional policy [see *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)] must necessarily fall within the exercise of the judge's discretion. In this case there has been no showing of an abuse of discretion by the trial court.

POINT XI

As part of its rebuttal, the State presented Albuquerque Police Department Officer Burwash. Officer Burwash testified that he had repeatedly stopped the defendant for various offenses over a certain period of time, and that on one occasion, the defendant had threatened his life. Smith contends that the trial court erred in permitting this testimony of Officer Burwash because it was not relevant, it put Smith's character in issue, and it was evidence of other crimes.

■ The State submits that the testimony of Officer Burwash was properly admitted because it specifically rebutted the testimony of the defendant. On direct examination the defendant testified that he had bought a gun for protection. On cross-examination the State inquired as to Smith's need for protection, and Smith answered that he needed the gun to protect himself from Officer Burwash, who had threatened his life. The State argues that Officer Burwash's testimony properly rebuts the defendant's testimony regarding the threat and the defendant's need to carry a sawed-off shotgun. We agree with the State.

■ The issue of protection from a police officer was injected by the defendant. It is well settled that a defendant cannot be heard to complain on appeal that he was prejudiced by evidence which he introduced into the case. *State v. Harrison*, 81 N.M. 324, 466 P.2d 890 (Ct.App.1970); *State v. Sedillo*, 81 N.M. 47, 462 P.2d 632 (Ct.App.1969), *cert. denied*, 81 N.M. 40, 462 P.2d 625 (1969); *State v. McFerran*, 80 N.M. 622, 459 P.2d 148 (Ct.App.1969), *cert. denied*, 80 N.M. 731, 460 P.2d 261 (1969). The

State was entitled to correct the false impression given to the jury through rebuttal testimony. *State v. Bazan, supra.* The admission of rebuttal testimony is within the discretion of the trial court and will not be disturbed absent an abuse of discretion. *State v. Garcia*, 83 N.M. 794, 498 P.2d 681 (Ct.App.1972). We find no abuse of the trial court's discretion in allowing the rebuttal testimony of Officer Burwash.

POINT XII

■ Smith argues that it was error for the trial court to allow the rebuttal closing argument by the State because the argument did not relate to the facts of the case and was intended to inflame the passions and prejudices of the jury. As a general rule, having failed to object to the closing rebuttal of the prosecution in a timely manner, Smith would waive any claim of error on the appellate level. *State v. Victorian*, 84 N.M. 491, 505 P.2d 436 (1973); *State v. Vallejos*, 86 N.M. 39, 519 P.2d 135 (Ct.App.1974). In this case, however, Smith contends that the rebuttal argument was improper per se and should not have been allowed even though an objection was not entered by the defense. We disagree. In criminal cases, the prosecutor is allowed a reasonable amount of latitude in closing remarks to the jury. *State v. Pace*, 80 N.M. 364, 456 P.2d 197 (1969). After reviewing the taped transcript, we cannot say that the rebuttal closing argument was improper per se.

POINT XIII

Smith argues that the trial court erred in denying his motion to disqualify the entire jury panel because of the members' bias and preconceived notions about the case.

■ After reviewing the record, it is our opinion that the defendant has failed to show that his jury was not impartial. In addition, Smith only exercised eight of the twelve peremptory challenges he was entitled to under N.M.R.Crim.P. 39, N.M.S.A. 1978. A defendant cannot claim prejudice for failure to dismiss prospective jurors if

he fails to exercise available peremptory challenges. *State v. Gurule*, 84 N.M. 142, 500 P.2d 427 (Ct.App.1972).

## POINT XIV

 Smith contends that the trial court erred in refusing to give N.M.U.J.I.Crim. 40.01, 40.24 and 41.30, N.M.S.A.1978. These instructions are concerned with the sufficiency of circumstantial evidence, weighing conflicting testimony, and the alibi defense. In the Use Notes of the Uniform Jury Instructions, the Supreme Court has indicated that these instructions should not be given. However, Smith argues that these instructions should be given because they do represent an accurate statement of the law.

A similar defense claim was raised in *State v. Johnson*, 91 N.M. 148, 571 P.2d 415 (Ct.App.1977) where the Court of Appeals stated:

The Use Note to U.J.I.Crim. 40.01 states that no instruction on circumstantial evidence is to be given. In spite of this direction, defendant complains of the trial court's refusal to instruct on circumstantial evidence. We are bound to following the directions of the Supreme Court on this matter. *State v. Scott*, 90 N.M. 256, 561 P.2d 1349 (Ct.App.1977).

*Id.* at 153, 571 P.2d at 420. The trial court properly followed the mandate of this Court and refused defendant's requested instructions.

For the foregoing reasons, the decision of the trial court is hereby affirmed.

IT IS SO ORDERED.

EASLEY and FEDERICI, JJ., concur.