This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            NO. 29,355

**STEVEN L. GARRETT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VIGIL, Judge.**

Steven L. Garrett (Defendant) appeals from the judgment, convicting him, after a jury trial, of possession of a controlled substance and possession of drug paraphernalia.  [RP 129-130; 134]  Defendant raised one issue in the docketing statement, contending that the State did not establish jurisdiction by having any of its witnesses testify that the incident in question happened in Roosevelt County.  [DS 2]  The first calendar notice proposed summary affirmance.   In response to the first calendar notice, Defendant filed a memorandum in opposition and a motion to amend the docketing statement.  [1st MIO]  The second calendar notice granted the motion to amend and proposed summary affirmance on all issues.  Defendant has filed a second memorandum in opposition that we have duly considered.  Unpersuaded, however, we affirm.

**DISCUSSION**

**Issue 1:  The Crimes Occurred in the State of New Mexico**

Defendant's second memorandum in opposition does not provide further facts, authorities or analysis on this issue.  [2nd MIO 1]  Being persuaded that the analysis of this issue set forth in the second calendar notice is appropriate and correct, we affirm the district court on this issue.

"A motion for a directed verdict challenges the sufficiency of the evidence." *State v. Armijo,* 1997-NMCA-080, ¶ 16, 123 N.M. 690, 944 P.2d 919.  "Substantial

evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction." *State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86.

"[J]urisdiction is satisfied if the trier of fact can infer from the evidence that the crime occurred in New Mexico." *State v. Litteral*, 110 N.M. 138, 143, 793 P.2d 268, 273 (1990); *see also State v. Smith*, 92 N.M. 533, 537, 591 P.2d 664, 668 (1979); *State v. Ramirez*, 89 N.M. 635, 641, 556 P.2d 43, 49 (Ct. App. 1976) (discussing that "to justify conviction, the evidence must establish every essential element of the offense charged. Because the crime must be prosecuted where committed, one of the essential elements which the State must establish is the location of the crime"). To the extent that this case could have occurred in one or more counties, given that Defendant was driving on the Lovington Highway when he was stopped, it is well-established that, "[i]f elements of a crime were committed in different counties, the trial may be held in any county in which a material element of the crime was committed." *Smith*, 92 N.M. at 537, 591 P.2d at 668.

In this case, there was substantial evidence that Defendant's vehicle was stopped by Roosevelt County police officers while traveling in Roosevelt County,

New Mexico. [RP 17, 18, 19] The record proper indicates that the investigation leading to the evidence of the crimes was conducted in Roosevelt County, New Mexico. [Id.] The criminal complaint gives notice that the events occurred in Roosevelt County, New Mexico, on or about July 30, 2007. [RP 21] The officers who investigated the crimes testified at trial, and provided information to the district court and the jury as to their credentials, backgrounds, and employment, and as to where the events took place, including the stop, the investigation, and the automobile search at the Roosevelt County Sheriff's Office. [RP 3, 58, 74, 122, 123] The jury was appropriately instructed, in accordance with UJI 14-3102 NMRA, that they must find, as one of the elements of the crimes, that they occurred in New Mexico on or about July 30, 2007. [RP 103, 105]

Under the circumstances, therefore, we continue to believe it was reasonable for the trier of fact to infer that the traffic stop occurred in New Mexico. Accordingly, we affirm the district court on this issue.

**Issues 2 and 3: There Was Substantial Evidence to Support Defendant's Convictions**

"Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction." *Kent*,

2006-NMCA-134, ¶ 10.  On appeal, the appellate court views the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict.  *State v. Apodaca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994).  "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict."  *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789.

With regard to possession of a controlled substance, the jury was instructed that they must find the following elements of the crime to their satisfaction beyond a reasonable doubt: (1) Defendant had methamphetamine in his possession; (2) Defendant knew it was methamphetamine; and (3) this happened in New Mexico on or about July 30, 2007.  [RP 103]  With regard to possession of drug paraphernalia, the jury was instructed that they must find the following elements of the crime to their satisfaction beyond a reasonable doubt:  (1) Defendant possessed drug paraphernalia; (2) Defendant intended it to be used in such a way as to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain conceal, inject, ingest, inhale or otherwise introduce into the human body a controlled substance; and (3) this happened in New Mexico on or about July 30, 2007.  [RP 105]  With regard to

5

both crimes, the jury was also instructed that Defendant acted intentionally when he committed the crimes.  [RP 106]

The jury was also instructed on constructive possession; that is, a person is in possession of methamphetamine when he knows it is on his person or in his presence and he exercised control over it. [RP 104]  The jury was further instructed that even if the substance is not in his physical presence, Defendant is in possession if he knows where it is, and he exercises control over it.  [Id.]  Finally, the jury was instructed that two or more people can have possession of a substance at the same time.  [Id.]

The State presented evidence that on July 30, 2007, Officer Mondragon initiated a traffic stop of Defendant's car after observing it weaving in a traffic lane. [MIO 2] After stopping the vehicle, the officer noticed that Defendant was not under the influence of alcohol.  [Id.]  The officer observed several scabs on Defendant's arms and asked him if there were any drugs in the car.  [Id.]  The officer testified that Defendant told him there were no drugs in the car and that he would not consent to a search of the car because it did not belong to him.  [Id.] Defendant did, however, allow the officer to search his personal travel bags.  [Id.] Inside the bags was a glass pipe with a white colored residue that later tested positive for methamphetamine.  [Id.]  Defendant was arrested for possession of

drug paraphernalia. [Id.] After a canine officer was called to the scene, the dog alerted to the rear passenger door. [Id.] The officer asked Defendant what the dog was alerting to and Defendant stated that he did not know because it was his friend's car. [MIO 2-3] The car was towed, a search warrant obtained, and the car was searched. [MIO 3] The officers found a glass pipe with white residue, three small clear plastic jewelry bags containing a white crystal substance, one larger clear plastic jewelry bag containing a minuscule amount of white crystal substance, and scales. [Id.] All substances tested positive for methamphetamine. [Id.]

In the second memorandum [2nd MIO 2], Defendant continues to rely on *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658, 712 P.2d 1, 4 (Ct. App. 1985), to support his contention that there was insufficient evidence to support his conviction for possession of drug paraphernalia. We are not persuaded. The glass pipe with white colored residue that tested positive for methamphetamine was found in travel bags that Defendant admitted were his pursuant to a consensual search. We affirm Defendant's conviction for possession of drug paraphernalia.

With regard to the methamphetamine in the jewelry bags, the scale, and other items found in the vehicle, including in the center console and in a first aid kit [RP 122-23], Defendant denied knowing that the items were there because the

7

car was not his own car. In the second memorandum, Defendant continues to contend that the State failed to present substantial evidence to show beyond a reasonable doubt that Defendant constructively possessed methamphetamine, that he had knowledge that methamphetamine was in the car and that he exercised control over it. [2nd MIO 2] Defendant points out that the methamphetamine was not in plain view of Defendant. [2nd MIO 1] Defendant cites *State v. Garcia*, 2005-NMSC-017, ¶ 13, 138 N.M. 1, 116 P.3d 72 (holding that "[p]roximity alone does not constitute possession. This Court must be able to articulate a reasonable analysis that the [fact-finder] might have used to determine knowledge and control" (internal quotation marks and citations omitted)); *see also State v. Sizemore*, 115 N.M. 753, 757, 858 P.2d 420, 424 (Ct. App. 1993) (recognizing that "[p]resence in the proximity of stolen goods is insufficient to support a conviction for receiving stolen property" and that "[t]his is particularly true when the area is shared with other people"). [MIO 1-2] We are not persuaded.

In the second calendar notice, this Court articulated a reasonable analysis that the fact finder might have used to determine knowledge and control; we did not simply rely on "mere proximity" as substantial evidence to support Defendant's constructive possession of the methamphetamine. In this regard, the jury could reasonably infer that Defendant knew the methamphetamine was in the

vehicle in the jewelry bags and that he was in constructive possession of it. Defendant was driving his friend's car, but he was the sole occupant of the vehicle. The methamphetamine was found in the center console and in the first aid kit on the front passenger seat, in small plastic baggies used for jewelry. [RP 122-23] These are areas in the control of the driver of the vehicle. Defendant's own travel bags contained drug paraphernalia with methamphetamine residue and jewelry. [Id.] Although Defendant contended that he did not know that the methamphetamine was in the vehicle, "the jury is free to reject Defendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. We affirm Defendant's conviction for possession of methamphetamine.

**Issue 4: The District Court Did Not Abuse Its Discretion In Denying the Motion for a Continuance**

The grant or denial of a continuance is within the sound discretion of the trial court, and the burden of establishing abuse of discretion rests with the defendant. *State v. Salazar*, 2007-NMSC-004, ¶ 10, 141 N.M. 148, 152 P.3d 135. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted). Defendant must establish not only an abuse of discretion, but also that the abuse was "to the injury of the defendant." *Id.* (quoting *State v. Nieto*, 78 N.M. 155, 157, 429 P.2d 353, 355 (1967)). "There are a number of factors that trial courts should consider in evaluating a motion for continuance, including the length of the requested delay, the likelihood that a delay would accomplish the movant's objectives, the existence of previous continuances in the same matter, the degree of inconvenience to the parties and the court, the legitimacy of the motives in requesting the delay, the fault of the movant in causing a need for the delay, and the prejudice to the movant in denying the motion." *State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20.

10

In the second memorandum, Defendant does not provide further facts, authorities, or arguments to this Court's analysis of this issue in the second calendar notice. Under the circumstances, we remain persuaded that the district court did not abuse its discretion in denying the June 24, 2008, request for a continuance.

The following procedural facts are relevant to our analysis of this issue. The criminal information was filed on August 20, 2007. [RP 1] Defendant was initially appointed a public defender as his attorney. [RP 4] Defendant was initially required to post an $11,500 appearance bond and arrange for ankle bracelet monitoring. [RP 9] The bond was subsequently reduced to $10,000. [RP 13] On September 25, 2007, a private attorney entered an appearance for Defendant. [RP 23] In October 2007, Defendant was allowed the opportunity to obtain employment and arrange for ankle monitoring. [RP 26-27] Private counsel moved to withdraw in February 2008, and the district court granted the motion on February 4, 2008. [RP 33-4] The State filed its witness list on February 11, 2008, its notice of open file disclosure and the notice of alibi or entrapment. [RP 37-39] On February 13, 2008, the State filed a motion to set aside the bond and conditions of Defendant's release. [RP 41] The motion indicated that Defendant was not complying with the conditions of his release,

11

including maintaining the ankle monitoring. [Id.] A bench warrant was issued for Defendant's arrest. [RP 44] On February 29, 2008, the State moved for appointment of a public defender following the withdrawal of Defendant's private attorney. [RP 45] Defendant was ordered to be represented by the office of the public defender on the same date. [RP 46] On March 19, 2008, a public defender attorney entered an appearance and asserted Defendant's speedy trial rights. [RP 47] Thereafter, the State filed a petition for extension of the six-month rule. [RP 49-50] The motion asserts that Defendant has not been set for trial due to Defendant's lack of cooperation with his attorneys, Defendant's flight, and the need to determine new counsel. [RP 50, ¶¶ 6, 9] The time for trial was extended to October 7, 2008. [RP 52] Another bench warrant was issued for Defendant's arrest on May 9, 2008. [RP 53] Following his arrest, Defendant posted bond and was released again. [RP 60] On June 17, 2008, the State filed an amended witness list that included the witnesses from the February list as well as the lab analyst. [RP 58] Witnesses were subpoenaed for a June 30, 2008, trial. [RP 62, 66] On June 24, 2008, Defendant filed a motion to continue the June 30, 2008 trial, contending that his attorney had just received the lab results and other discovery and had not had enough time to prepare for trial. [RP 64] On June 25, 2008, the State filed another motion to revoke bond and modify conditions of Defendant's

release, asserting that Defendant had contacted and threatened a witness. [RP 67-68] Bond was revoked and Defendant was returned to custody. [RP 72]

The procedural history of this case indicates unwarranted delays occasioned by Defendant, including his repeated failures to abide by the conditions of his release, his absconding, and his failure to cooperate with the district court and counsel. Defendant was appointed replacement counsel in March 2008. The State's witness list, as well as other discovery, except the lab analysis results, were available since February 2008. There was no evidence that Defendant intended to call witnesses other than the State's noticed list of witnesses. Defense counsel indicated that he intended to raise the jurisdictional issue (Issue 1 above) at trial, which he did. There is no indication that there were any viable pretrial motions to be filed. Under the circumstances, Defendant was not prejudiced by the district court's decision to deny the continuance. *See, e.g.*, *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). We know of no authority that requires the district court to delay a trial until the eve of the expiration of a six-month rule extension time period. We affirm the district court on this issue.

**CONCLUSION**

We affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**LINDA M. VANZI, Judge**