This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SEAN KNIGHT,**

     Plaintiff-Appellant,

v.                       **NO.  29,728**

**DARDANELLES FOUNDATION and**
**LYDA McCORMICK,**

     Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Daniel A. Sanchez, District Judge**

The Egolf Law Firm, LLC
Brian F. Egolf, Jr.
Santa Fe, NM

for Appellant

The Elion Law Firm, P.C.
Gary D. Elion
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Sean Knight (Landlord) prevailed below in an action against the Dardanelles Foundation and Lyda McCormick (Tenants) to regain possession of a property he had leased to the Dardanelles Foundation. Tenants appealed, and this Court affirmed. On remand, Landlord filed a motion to reconsider the portion of the final judgment denying Landlord's request for attorney fees. At issue in this appeal is whether the district court abused its discretion in denying the motion to reconsider.

## I.    BACKGROUND

Landlord was awarded a judgment for restitution in magistrate court ordering Tenants to surrender possession of the rental property and to pay $737 in rent, late fees, and costs. The judgment also terminated the rental agreement. Tenants appealed to the district court, which reached the same result as the magistrate court. In its decision and order, the district court denied Landlord's request for attorney fees. After Tenants filed a notice of appeal, Landlord filed a motion to reconsider the denial of attorney fees. The district court denied the motion but gave Landlord an extension of time to file a cross-appeal.

Landlord took advantage of this extension and cross-appealed the denial of the motion to reconsider. Importantly, Landlord did not appeal the portion of the final judgment denying the attorney fees. This Court affirmed the district court, ruling against Tenants on all issues and dismissing Landlord's cross-appeal. We concluded

our opinion by noting that "[o]nce mandate has issued from this Court on Tenant[s'] appeal, the district court will regain jurisdiction to evaluate any outstanding issues, including Landlord's motion to reconsider." Although this Court reversed nothing, it stated that it "affirm[ed] the district court *in part*." (emphasis added).

On remand, Landlord renewed his motion to reconsider the denial of attorney fees. The renewed motion made no new substantive arguments, but instead simply referred the district court to the arguments Landlord had made in his previous motion to reconsider. The previous motion included arguments essentially identical to the arguments Landlord makes in this appeal. A hearing was scheduled for June 24, 2009, although no transcript of this hearing appears in the record. An order denying the renewed motion was entered on August 3, 2009.

On June 30, 2009, before the order denying the renewed motion was entered, Landlord filed a notice of appeal. Attached to this notice of appeal was the original August 21, 2008, order denying attorney fees. On September 17, 2009, this Court issued an order directing Landlord to show cause why the appeal should not be dismissed for lack of a final, appealable order. On October 30, 2009, Landlord filed his response to the order to show cause and informed this Court that he believed that his response to Tenants' motion to dismiss filed on September 15, 2009, which did not include a final order and which was filed two days before the order to show cause, had

adequately responded to this Court's order. The response did, however, include a copy of the district court's August 3, 2009, order denying his renewed motion to reconsider from which Landlord now appeals. Subsequently, we quashed the order to show cause.

**II.    DISCUSSION**

Landlord argues that the district court abused its discretion by denying his request for attorney fees pursuant to NMSA 1978, Section 47-8-48 (1995). Tenants respond that we should dismiss Landlord's appeal due to his failure to timely respond to this Court's order to show cause, and that the district court properly awarded Landlord $0 in attorney fees. We address each argument in turn.

**A.    Jurisdiction**

We first address whether this Court has jurisdiction over Landlord's appeal. Tenants argue that this Court lacks jurisdiction (1) because appeal was taken on June 30, 2009, from the August 21, 2008, judgment and (2) because Landlord did not respond to this Court's order to show cause within the twenty-day period set forth in that order. As the two arguments arise from the same set of facts, we address them together.

Tenants' first argument is based on the premise that Landlord did not appeal the denial of the renewed motion to reconsider, but instead attempted to appeal for a

4

second time the original August 21, 2008, judgment. However, Tenants fail to point out that we quashed the order to show cause after Landlord submitted a copy of the district court's August 3, 2009, order denying the motion to reconsider. Our rules expressly contemplate the filing of an appeal prior to the entry of final judgment. *See* Rule 12-201 NMRA ("A notice of appeal filed after the announcement of a decision, or return of the verdict, but before the judgment or order is filed in the district court clerk's office shall be treated as filed after such filing and on the day thereof."). We construe these rules "in favor of deciding an appeal on the merits whenever possible." *Lovelace Med. Ctr. v. Mendez*, 111 N.M. 336, 339, 805 P.2d 603, 606 (1991). Although we would not recommend the procedure followed here, it is not fatal to Landlord's appeal.

Tenants' second argument, set forth in a single paragraph, asks us to dismiss the appeal because Landlord did not respond to our order to show cause within the twenty-day period provided by that order. We do not address undeveloped arguments on appeal. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076. Furthermore, we later quashed the order to show cause, and Tenants fail to direct us to any authority indicating that the procedure in this case was improper. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (holding that absent cited authority to support an argument, we assume no such

authority exists). Our Supreme Court has held that, provided no party is prejudiced, we may relax our deadlines when required in the interest of justice. *See Lovelace Med. Ctr.*, 111 N.M. at 341, 805 P.2d at 608. As Tenants point to no prejudice, we see no reason to dismiss the appeal on these grounds.

**B.    Procedure**

We now turn to the district court's denial of the renewed motion to reconsider. Landlord's brief is directed to the substantive merits of his legal argument regarding attorney fees. Tenants' response is also directed to whether attorney fees should have been awarded. Both parties have identified the standard of review as follows: "An appeal from a denial of attorney's fees is reviewed for an abuse of discretion." However, Landlord has not appealed the denial of his attorney fees, but instead has appealed the denial of his renewed motion to reconsider the denial of attorney fees.

We review the denial of a motion to reconsider for abuse of discretion. *See GCM, Inc. v. Ky. Cent. Life Ins. Co.*, 1997-NMSC-052, ¶ 28, 124 N.M. 186, 947 P.2d 143. "Ordinarily, when a party appeals from the denial of a motion to set aside a judgment, the scope of appellate review is limited to the correctness of the denial of the motion and does not extend to the judgment sought to be reopened." *Garcia v. Jeantette*, 2004-NMCA-004, ¶ 14, 134 N.M. 776, 82 P.3d 947. The exception to this rule is if the district court reached the merits in denying the motion. *Id.* "[T]he

6

[district] court abuses its discretion when it applies an incorrect standard, incorrect substantive law, or its discretionary decision is premised on a misapprehension of the law." *Aragon v. Brown*, 134 N.M. 459, 462, 78 P.3d 913, 916 (Ct. App. 2003).

Landlord has made no argument that the district court abused its discretion by improperly denying his renewed motion to reconsider. Instead, Landlord has directed his argument at the judgment that he sought to reopen. Absent some explanation of why the denial of the renewed motion to reconsider was incorrect, we indulge every presumption in favor of the correctness of the decision of the trial court. *See, e.g.*, *Bd. of Comm'rs of Doña Ana Cnty. v. Las Cruces Sun-News*, 2003-NMCA-102, ¶ 10, 134 N.M. 283, 76 P.3d 36. At the time the district court denied the renewed motion to reconsider, Landlord had already appealed the final judgment denying him attorney fees. As Landlord failed to argue that the denial of attorney fees was improper, he had waived the issue. *See, e.g.*, *Fleming v. Town of Silver City*, 1999-NMCA-149, ¶ 3, 128 N.M. 295, 992 P.2d 308 (holding that issues not raised in the brief in chief are waived). A motion to reconsider is not a substitute for an appeal. *See Phelps Dodge Corp. v. Guerra*, 92 N.M. 47, 50, 582 P.2d 819, 822 (1978). Accordingly, we cannot say that the district court abused its discretion by denying the renewed motion to reconsider.

7

## C.    Merits

We cannot end our analysis with the procedural errors.  Our prior opinion in this case did not simply affirm the district court.  Had it done so, we could comfortably say that Landlord's waiver controlled.  Instead, we dismissed Landlord's cross-appeal, noting that "[o]nce mandate has issued from this Court on Tenant[s'] appeal, the district court will regain jurisdiction to evaluate any outstanding issues, including Landlord's motion to reconsider."  Under these circumstances, we feel bound to address Landlord's argument on its merits.

Unfortunately, Landlord makes one final mistake that precludes us from reaching the merits of his appeal.  Landlord's claim of error rests on the issue of which statute applies to attorney fees in this case:  Section 47-8-48 or Section 47-8-30.  Section 47-8-48 applies to claims to enforce a rental agreement, and requires that attorney fees be awarded.  Section 47-8-30 applies to actions for possession based on nonpayment of rent or actions to obtain unpaid rent from a tenant in possession, and gives the court discretion regarding fees.  In order to determine which statute applies, we must look to the facts and the nature of the claims.

Our effort to examine these facts is thwarted by Landlord's failure to provide an adequate record.  We are unable to examine the counts alleged in the complaint because most of the complaint is missing.  Furthermore, we do not have the benefit

of the district court's thoughts on this matter because the record does not contain a transcript of the merits hearing held in the district court or the hearing on the renewed motion to reconsider. Tenants suggest that the court did award attorney fees, but determined that a reasonable fee was $0. Absent some indication of what Landlord's claims were or how the district court viewed or resolved them, we have no basis upon which we can analyze whether the district court erred by not applying Section 47-8-48 and awarding attorney fees. "It is the duty of the appellant to provide a record adequate to review the issues on appeal." *Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 65, 146 N.M. 853, 215 P.3d 791. "Matters outside the record present no issue for review." *State v. Harrison*, 2010-NMSC-038, ¶ 10, 148 N.M. 500, 238 P.3d 869 (internal quotation marks omitted) (quoting *State v. Smith*, 92 N.M. 533, 536, 591 P.2d 664, 667 (1979)).

**III.    CONCLUSION**

For the foregoing reasons, we affirm the district court's ruling.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**MICHAEL E. VIGIL, Judge**