This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**vs.**                                                            **No. 31,638**

**SEAN GODKIN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
James W. Grayson, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Santa Fe, NM
Cynthia A. Leos, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

Defendant appeals from the order and commitment to the department of corrections, convicting Defendant of violating his probation and enhancing his sentence. [RP 172] Defendant raises two issues on appeal, contending that the district court erred: (1) in denying Defendant's motion for a continuance on the issue of Defendant's competence; and (2) in enhancing Defendant's sentence. This Court's calendar notice proposed summary reversal on Issue 1, and because that disposition was dispositive of the appeal, we did not reach the merits of Issue 2. [Ct. App. File, CN 1] The State has filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] Unpersuaded, however, we reverse and remand for a hearing on Defendant's competence.

**DISCUSSION**

The standard of review on a denial of a motion for continuance is whether the district court abused its discretion to the prejudice or injury of the defendant. *See State v. Smith*, 92 N.M. 533, 537, 591 P.2d 664, 668 (1979). Trying an incompetent defendant violates due process. *State v. Rotherham*, 1996-NMSC-048, 122 N.M. 246, 252, 923 P.2d 1131, 1137.

The docketing statement indicates the district court granted extensions of time to hold the probation revocation hearings due to defense counsel's requests for a

forensic evaluation into Defendant's competence. [DS 2] On July 8, 2011, the district court judge signed an ex parte order for forensic evaluation for the purpose of a competency evaluation. [Id.] We note that the order does not appear in the record proper. The State indicates in the memorandum, however, that defense counsel had not requested a competency evaluation prior to the July 8, 2011 hearing [MIO 3], and the State filed a witness list for motion hearing to determine competency on July 8, 2011. [RP 161] The competency evaluation was scheduled to take place on July 18, 2011, and an appropriate transport order was prepared. [DS 2] The Bernalillo Metropolitan Detention Center, however, failed to transport Defendant to the evaluation and it did not take place. [Id.]

Meanwhile, Defendant's counsel, who had requested and obtained the competency evaluation, resigned, and a new defense attorney was assigned to Defendant's case on July 12, 2011. [DS 2] The probation revocation hearing had been scheduled to take place on July 21, 2011. [Id.] The new defense attorney asked the assistant district attorney (the ADA) to agree to a continuance of the hearing date, because the competency evaluation had not taken place and there had been inadequate time for the new defense attorney to interview the State's witnesses and construct a defense. [Id.] The ADA refused to stipulate to a continuance on the basis that district court jurisdiction lapsed on August 13, 2011. [Id.]

3

At the July 21, 2011 hearing, the new defense attorney requested a continuance on the basis that Defendant's competency evaluation did not take place on July 21, 2011, but had been rescheduled for August 3, 2011, with a new transport order in place. This new date was still ten days prior to the lapse in jurisdiction on August 13, 2011. In addition, the new defense attorney had no time to interview the State's witnesses and construct a defense. [DS 3] The district court denied the request for a continuance and the probation revocation hearing proceeded. [Id.] Defendant's probation was revoked and his sentence enhanced.

In the memorandum, the State asserts that there are disputes as to the procedural facts [MIO 1]; that Defendant had been determined to be competent in February 2010, and could be presumed competent in August 2011 [MIO 2]; that Defendant could not waive the August 13, 2011 adjudicatory deadline [MIO 9]; and that Defendant failed to show by a preponderance of the evidence that he was not competent. [MIO 11] We are not persuaded.

First, we cannot say that the parties dispute the facts that this Court considers to be the controlling: the district court ordered Defendant to be evaluated for competency on July 8, 2011, and the scheduled competency exam did not take place on the initially scheduled date, July 18, 2011, due to no fault of Defendant or defense counsel. Second, given that the district court ordered Defendant evaluated for

4

competency in July 2011, we do not consider the fact that Defendant was previously determined to be competent in February 2010 as persuasive. Third, the competency evaluation was in fact rescheduled to take place about ten days prior to the Rule 5-805(H) NMRA deadline on August 13, 2011. Fourth, to the extent that the State argues that the ten days was inadequate, the memorandum confirms that defense counsel offered to waive adjudicatory time limits, which Rule 5-805(J) NMRA expressly allows. [MIO 4]     We hold that, under the circumstances of this case, the district court abused its discretion in refusing to grant a continuance. We reverse and remand this case to the district court for Defendant to expressly waive the adjudicatory deadline, for the competency evaluation to take place, and for a new revocation hearing, if applicable. Due to the summary reversal and remand of Issue 1, we need not reach the merits of Issue 2.

**IT IS SO ORDERED**.

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____

**LINDA M. VANZI, Judge**