This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40791**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**ANGEL ANTUNEZ,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Conrad F. Perea, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Brock Benjamin
El Paso, TX

for Appellant

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Defendant appeals his convictions. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}** Defendant continues to argue that the district court allowed the State to introduce improper rebuttal testimony of a 911 call made by the victim's mother, Angela Mendoza. "Admission of rebuttal evidence is within the trial court's discretion and will not be disturbed on appeal, absent an abuse of that discretion." *State v. Dominguez*, 2007-

NMSC-060, ¶ 25, 142 N.M. 811, 171 P.3d 750. "Legitimate rebuttal evidence consists of evidence on new matters, and not simply reiteration of evidence in chief." *Id.* ¶ 26. Additionally, "[t]he [s]tate may correct false impressions given to a jury by way of rebuttal evidence and testimony." *Id.* ¶ 28. "Determining what is true rebuttal evidence, however, can be difficult. . . . Therefore, the question of admissibility of evidence on rebuttal rests largely on the trial court's discretion." *Id.* ¶ 26 (internal quotation marks and citation omitted), *holding modified on other grounds by State v. Garcia*, 2011-NMSC-003, 149 N.M. 185, 246 P.3d 1057.

**{3}** We briefly set out the facts, as Defendant has provided more information in his memorandum in opposition. At trial, the State did not question either Ms. Mendoza or the victim during its case in chief about whether they called police in regards to the incident. However, during cross-examination of the victim, defense counsel elicited testimony that the victim was in the bathroom with her Mother and witnessed her make a call to the police. This occurred during a time that Defendant was in the house as well. [MIO 2] Then, during Defendant's case in chief, Defendant testified Ms. Mendoza had coached the victim on what to say to police, but that the victim and Ms. Mendoza "never called the cops." [MIO 2]

**{4}** The district court then allowed the State to introduce a 911 call made by Ms. Mendoza as rebuttal evidence over defense objection. [MIO 3-4] The State represented that the 911 call would rebut Defendant's testimony that Ms. Mendoza and the victim did not call the police. [MIO 3] The State laid the foundation for the admission of the call through Ms. Mendoza and then played the call for the jury. [MIO 4] Following another defense objection that the 911 call was not rebuttal evidence, the district court allowed Defendant to cross-examine Ms. Mendoza regarding whether Defendant was present when the call was made. [MIO 4] Ms. Mendoza testified that she and the victim had left the home at that time and were in the car, away from Defendant, when the 911 call was placed. [MIO 4]

**{5}** Defendant argues that the police were not called in Defendant's presence, and therefore his testimony regarding whether a call was placed was accurate, and therefore the State's introduction of the 911 call was not proper rebuttal evidence, as there was nothing for the State to correct. [MIO 4-6]. Instead, Defendant contends, the only purpose of the introduction of the 911 call was to ambush Defendant and bolster the testimony of its witnesses. [MIO 4]

**{6}** We first disagree that the introduction of the 911 call was improper rebuttal evidence. "Legitimate rebuttal evidence consists of evidence on new matters, and not simply reiteration of evidence in chief." *Dominguez*, 2007-NMSC-060, ¶ 26; *see also State v. Manus*, 1979-NMSC-035, ¶ 38, 93 N.M. 95, 597 P.2d 280 ("Genuine rebuttal evidence is not simply a reiteration of evidence in chief but consists of evidence [o]ffered in reply to new matters." (internal quotation marks and citation omitted)), *overruled on other grounds by Sells v. State*, 1982-NMSC-125, 98 N.M. 786, 653 P.2d 162. Here the State did not elicit testimony regarding the 911 call in its case in chief. [MIO 1-2] Rather, Defendant introduced the matter into the trial; first by cross-examining

the victim regarding whether and where a call to police had been made, and then through Defendant's testimony in his case in chief stating that the victim and her mother "never called the cops." [MIO 2] Accordingly, the State's introduction of the 911 call was not a reiteration of evidence from its case in chief, but was in response to a new matter introduced by Defendant and was within the scope of rebuttal evidence. *See Dominguez*, 2007-NMSC-060, ¶ 26; *Manus*, 1979-NMSC-035, ¶ 38; *see also State v. Smith*, 1979-NMSC-020, ¶ 30, 92 N.M. 533, 591 P.2d 664 (rejecting the defendant's argument that the state had introduced improper rebuttal evidence in response to the defendant's testimony and noting that "[i]t is well settled that a defendant cannot be heard to complain on appeal that he was prejudiced by evidence which he introduced into the case").

{7}     Moreover, the State is permitted to introduce rebuttal evidence to correct a false impression given to the jury. *Dominguez*, 2007-NMSC-060, ¶ 28. Accordingly, Defendant's statement that the victim and Ms. Mendoza "never called" police could properly be rebutted by evidence that they did call police. *See id.* While Defendant argues that he only meant that they did not call police while they were at the house with him, this was not the substance of his statement. We therefore reject Defendant's assertion that the State misrepresented Defendant's testimony to the district court in seeking to introduce the rebuttal evidence. To the extent the jury was left with a false impression regarding whether police had ever been called due to Defendant's testimony, rebuttal evidence on this subject was proper. *See id.*

{8}     Finally, Defendant continues to argue that the introduction of the rebuttal evidence constituted an improper comment by the district court on his credibility. [MIO 7] We must disagree, however, as Defendant has cited no authority in support of this argument. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists.").

{9}     For these reasons, we affirm the district court.

{10}    IT IS SO ORDERED.

ZACHARY A. IVES, Judge

WE CONCUR:

KRISTINA BOGARDUS, Judge

MEGAN P. DUFFY, Judge